**Hearing Date: June 13, 2024 at 10:00 a.m.**
**Objection Deadline: June 6, 2024 at 5:00 p.m.**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for the Debtor*
1350 Broadway, 11th Floor
New York, NY 10018
Tel: 212-216-8000
Scott S. Markowitz, Esq.
Email: smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

In re                                                                    Chapter 13

ERICA ITZHAK,                                                Case No. 24-10669 (PB)

                                     Debtor.
-------------------------------------------------------- X

**NOTICE OF DEBTOR'S MOTION FOR AN ORDER CONVERTING HER CHAPTER
13 CASE TO A CHAPTER 11 (SUBCHAPTER V), PURSUANT TO §1307(d)
OF THE BANKRUPTCY CODE**

      **PLEASE TAKE NOTICE** that a hearing will be held will be held before the Honorable

Philip Bentley, United States Bankruptcy Judge via Zoom for Government[1] or as soon thereafter

as counsel can be heard, United States Bankruptcy Judge, at the United States Bankruptcy Court

for the Southern District of New York (the "**Bankruptcy Court**"), located at One Bowling Green,

New York, New York 10004, on **June 13, 2024** at **10:00 a.m.,** or as soon thereafter as counsel can

be heard (the "**Hearing**"), to consider the Debtor's motion for an order converting her Chapter 13

---

[1] Any party who wishes to attend the Hearing is required to register their appearance 48 hours before any scheduled Zoom® hearing with the eCourtAppearances tool on the Court's website.  Judge Bentley's Zoom instructions may be viewed at https://www.nysb.uscourts.gov/content/judge-philip-bentley The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

case to a Subchapter V of Chapter 11 pursuant to §1307(d) of the Bankruptcy Code (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that a copy of the Motion may be obtained from the Bankruptcy Court's website at http://www.nysb.uscourts.gov using a Pacer password (to obtain a Pacer password, go to the Pacer website at http://www.pacer.gov) or by contacting Debtor's undersigned attorneys by email or telephone.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to the Motion:

(1)    shall be set forth in a writing describing the basis therefor, and conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York; and

(2)    shall be filed and served as follows, so as to be received no later than **June 6, 2024 at 5:00 p.m.**:

(i)    shall be filed with the United States Bankruptcy Court for the Southern District of New York (a) in accordance with General Order M-399, electronically, by registered users of the Bankruptcy Court's case filing system, or (b) in accordance with Local Bankruptcy Rules 5005-1 and 9004-1, submitted to the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004;

(ii)    shall be submitted in hard-copy form directly to the chambers of the Honorable Philip Bentley, United States Bankruptcy Judge, at the Bankruptcy Court, One Bowling Green, New York, New York 10004 in accordance with Local Bankruptcy Rule 9070-1; and

(iii)    shall be served upon: (a) Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018 (Attn: Scott S. Markowitz, Esq.), counsel to the Debtor; and (b) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York, NY 10004-1408.

Dated: New York, New York
       May 22, 2024

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for the Debtor*

By:   /s/ Scott S. Markowitz
     Scott S. Markowitz, Esq.
     1350 Broadway, 11th Floor
     New York, New York 10018
     (212) 216-8000
     smarkowitz@tarterkrinsky.com

3

**Hearing Date: June 13, 2024 at 10:00 a.m.**
**Objection Deadline: June 6, 2024 at 5:00 p.m.**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for the Debtor*
1350 Broadway, 11th Floor
New York, NY 10018
Tel: 212-216-8000
Scott S. Markowitz, Esq.
Email: smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

In re                                                                      Chapter 13

ERICA ITZHAK,                                                  Case No. 24-10669 (PB)

                                            Debtor.
-------------------------------------------------------- X

**DEBTOR'S MOTION FOR AN ORDER CONVERTING HER CHAPTER 13 CASE TO A
CHAPTER 11 (SUBCHAPTER V), PURSUANT TO §1307(d)
OF THE BANKRUPTCY CODE**

Erica Itzhak ("**Debtor**"), by her attorneys, Tarter Krinsky & Drogin LLP, submits this

motion (the **"Motion"**) for entry of an order converting this case from chapter 13 to Subchapter V

of Chapter 11, pursuant to §1307(d) of the Bankruptcy Code ("**Bankruptcy Code**"), and

represents and states as follows:

**PRELIMINARY STATEMENT**

1.       The Debtor, a practicing attorney, filed her pro se Chapter 13 case in an effort to

resolve a judgment entered against her on April 28, 2022 in the amount of $1,503,013.70 (the

"**Judgment**") in favor of Yossef Kahlon ("**Kahlon**") and Atlas Solar Holdings LLC ("**Atlas**"). The

Judgment arises out of a malpractice lawsuit commenced by Kahlon and Atlas against the Debtor.

1

Kahlon and Atlas were attempting to enforce the Judgment by executing on shares in a cooperative apartment the Debtor owns in Manhattan.

2.      Shortly before the Petition Date, the Debtor filed a motion to vacate the Judgment which is pending before Supreme Court of the State of New York, County of Nassau which has been stayed by the Debtor's Chapter 13 filing.  The Debtor has now retained counsel and seeks to convert her Chapter 13 case to a Subchapter V Chapter 11 case.  The Debtor intends to promptly file a motion for stay relief to permit the state court to rule on the motion to vacate the Judgment.

## JURISDICTION

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134.

4.      This is a core proceeding pursuant to 28 U.SC. § 157(b)(2)(A).

5.      The statutory predicate for the relief requested herein includes Bankruptcy Code §§ 105(a) and 1307(d).

## BACKGROUND

**Procedural History**

6.      On April 19, 2024 (the "**Petition Date**"), the Debtor filed a voluntary chapter 13 petition [ECF No. 1] and, thereafter, the Debtor filed her Schedules, Statement of Financial Affairs, but not a chapter 13 plan.  ECF No. 10 and 12.

7.      Thomas C. Frost, Esq. is the Chapter 13 trustee.

8.      Several years prior to the Petition Date, the Debtor, a practicing attorney, was hired by Atlas to seek to recover certain monies allegedly due Atlas. In order to attempt to collect the monies, the Debtor drafted a complaint and sued Troy Lambe ("**Lambe**") and SunRay Solar Inc. ("**SunRay**") in New York County Supreme Court under Index No. 157465/2012 (the "**State Court Action**"). The defendants in the State Court Action moved to dismiss the lawsuit on various grounds which was granted without leave to file an amended complaint.

2

092126\1\170737344.v3

9.      In May 2013, SunRay and Lambe filed an action in the United States District Court for the Eastern District of New York under case no.: 13-cv-03126 asserting tort and contractual based causes of action against Atlas, Kahlon and the Debtor (the "**Federal Court Action**").

10.     From January 20, 2016 through February 1, 2016, a jury trial in the Federal Court Action was conducted. On January 29, 2016, prior to the jury verdict and pursuant to a settlement agreement SunRay and Lambe settled all of its claims in the Federal Court Action against the Debtor. The Debtor's malpractice carrier contributed $600,000 (the balance of the policy) to facilitate the settlement against the Debtor.[1]

11.     On February 1, 2016, the jury rendered a verdict in the Federal Court Action in favor of Lambe and SunRay and against Kahlon and Atlas in the amount of $1 million.

12.     In March 2016, Kahlon and Atlas commenced a malpractice action against the Debtor in the Supreme Court of the State of New York, County of Nassau under Index No. 601659/2016 (the "**Malpractice Action**").

13.     Kahlon and Atlas moved for summary judgment in the Malpractice Action.  By decision dated August 31, 2021, Kahlon and Atlas obtained summary judgment against the Debtor in the amount of $1 million with interest from September 27, 2016.  The decision led to entry of the Judgment.

14.     The Debtor obtained a judgment against Lambe and SunRay in the same amount of the Judgment based upon the indemnification provision in the settlement in the Federal Court Action and the Debtor is currently seeking turnover of escrow monies held by Paul Verner on

---

[1] As part of the settlement, SunRay agreed to indemnify the Debtor if Kahlon and/or Atlas subsequently commenced a legal malpractice action against the Debtor and attorney Paul Verner, who was Lambe and SunRay's counsel in the Federal Court Action, was obligated to defend the Debtor in any subsequently filed malpractice action.

092126\1\170737344.v3

behalf of Lambe and/or SunRay. A copy of the Debtor's judgment against Lambe and SunRay is annexed hereto as **Exhibit "A."**

15.    The Debtor sought to obtain vacatur of the Judgment which was denied by decision and order dated April 13, 2022.

16.    Thereafter, the Debtor retained new counsel and filed a motion to renew and vacate the Judgment based upon Rule 13 of the Federal Rules of Civil Procedure (the "**Renewal Motion**"). In essence, the Renewal Motion asserts the Malpractice Action should have been barred because it could have been raised in the Federal Court Action.

17.    The Debtor also commenced a malpractice action against Pual Verner which is currently pending in the United States District Court for the Southern District of New York under case no. 23-civ-2084.

18.    In the meantime, Kahlon and Atlas took steps to enforce the Judgment and were close to obtaining a sheriff's sale with respect to the Debtor's ownership interest in a Manhattan cooperative apartment.

19.    As a result of the Debtor's Chapter 13 filing, the state court judge entered an order staying all proceedings including the Renewal Motion. See **Exhibit "B."**

## **RELIEF REQUESTED**

20.    By this Motion, the Debtor seeks the entry of an order converting this case from Chapter 13 to Subchapter V of Chapter 11 of the Bankruptcy Code.

21.    In deciding whether a Chapter 13 debtor is eligible for Chapter 11 relief, the court looks to whether the Debtor has shown sufficient reason to convert the case to a Chapter 11. In re Keffer, 628 B.R. 897, 901 (Bank. S.D. W. Va. 2021) (Court considering whether conversion from Chapter 13 to Subchapter V is proper); see also In re McCune, 635 B.R. 409, 418-419 (Bankr.

D.N.M. 2021) (citing <u>In re Elwell</u>, 2020 WL 762214, at *2 (Bankr. D. Conn. 2020). Relief may be granted by the court pursuant to § 1307(d) of the Code which provides:

> (d) Except as provided in subsection (f) of this section, at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 or 12 of this title.

11 U.S.C. § 1307(d). Section (f) does not apply because the Debtor is not a farmer.

22.     When considering a motion to convert, courts generally look to a three-factor test, which asks "whether the debtor: 1) filed the initial bankruptcy petition and sought to convert in good faith, 2) is able to effectuate a plan, and 3) has caused prejudicial delay to creditors." <u>In re Plagakis</u>, No. 03 CV 0728(SJ), 2004 WL 203090, *5 (Bankr. E.D.N.Y. January 27, 2004) (citing H. Rept. No. 95–595, p. 428; <u>In re Hanson</u>, 282 B.R. 240 (Bankr.D.Colo.2002); *In re Funk*, 146 B.R. 118 (Bankr.D.N.J.1992).

23.     Courts generally grant motions to convert when the record indicates the Debtor filed the petition in good faith, and there is a chance a plan could be effectuated.  <u>Compare In re Elwell</u>, Case No. 17-51442, 2020 WL 762214, *2, (Bankr. D. Conn. Feb. 14, 2020) (collecting cases denying conversion); with <u>In re Ruffin</u>, No. 09–04835–JW, 2009 WL 7231291, *2-4 (Bankr. D. S.C. November 12, 2009) (granting a conversion for a Debtor seeking to remedy pre-petition arrears on a mortgage); and <u>In re Lester</u>, 409 B.R. 364, 373 (Bankr. W.D. Va. 2009) (granting a conversion when the debtor sought conversion as a litigation tactic to acquire debtor-in-possession rights). Here, the Debtor has satisfied all three of the necessary elements for Subchapter V Chapter 11 relief.

24.     After satisfying the elements of 1307(d), the debtor must also qualify for Subchapter V relief. To be eligible, a debtor must be:

092126\1\170737344.v3

> 1) [a] person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate), 2) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders), 3) not less than 50 percent of which arose from the commercial or business activities of the debtor.

11 U.S.C. § 1182(1)(A).

25.    Since the Debtor is presently engaged in business activities (a practicing lawyer), has an aggregate liquidated debt less than $7,500,000, and more than fifty percent of the debt has arisen from business activities, the Debtor qualifies for Subchapter V.[2]

26.    Given the foregoing, the Debtor has satisfied all the necessary requirements for this Court to grant the Motion and authorize the Debtor to convert her Chapter 13 case to a Subchapter V Chapter 11.

**A.    Good Faith Filing**

27.    The Debtor is proceeding in good faith to attempt to resolve the Judgment. The Debtor intends to file a motion to lift the automatic stay to permit the state court to decide the Renewal Motion. If the Renewal Motion is unsuccessful, the Debtor will address the Judgment and her Chapter 11 plan.  The Debtor also intends to seek to enforce her indemnification judgment.

28.    The types of actions which constitute "bad faith" are, quite simply, not present here. See In re Tornheim, 181 B.R. 161, 169 (Bankr. S.D.N.Y. 1995) ("Bad faith depends on the facts and circumstances of the case and may include filing to frustrate the legitimate rights of the secured creditors as well as the failure to file a plan timely.).

---

[2] The vast bulk of the Debtor's debt arose from the Malpractice Action which led to the Judgment.

092126\1\170737344.v3

**B.**  **Ability to Effectuate a Plan**

29.     The Debtor is able to effectuate a chapter 11 plan if this case is converted. The plan will provide for the payment of the secured portion of the Judgment over time if the Renewal Motion is unsuccessful.  The Debtor will also continue her efforts to recover on her judgment against Lambe and SunRay.

30.     Notably, the standard is not whether a chapter 11 plan contemplated by the Debtor is, as a matter of law, confirmable, but rather whether there is a *chance* the Debtor can successfully effectuate a plan.  In re Ruffin, No. 09–04835–JW, 2009 WL 7231291 at *3.  It is unnecessary for the Court to make a final determination about the merits of Debtor's proposed Chapter 11 plan at this stage.

**C.**  **Prejudicial Delay**

31.     No one can make a bona fide claim of prejudicial delay in this case. The Debtor has retained counsel and is seeking a conversion to Subchapter V which affords the Debtor the tools to confirm a plan over the objection of the judgment creditors. The 90-day deadline to file a plan as set forth in section 1189 of the Bankruptcy Code has not yet expired.

32.     Accordingly, the Motion should be granted as the Debtor's creditors will not be prejudiced by a conversion, and the Motion is in the best interests of the Debtor and her estate.

**D.**  **Rule 1009 and Rule 1020 Permit a Debtor to Elect Application of Subchapter V to an Already-Pending Case**

33.     Federal Rule of Bankruptcy Procedure 1020 provides that a debtor must "state in the petition whether the debtor is a small business debtor or a debtor as defined in § 1182(1) of the [Bankruptcy] Code and, if the latter, whether the debtor elects to have Subchapter V of Chapter 11 apply." Fed. R. Bank. P. 1020(a). The Federal Rule of Bankruptcy Procedure 1009, provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of

7

course at any time before the case is closed." Fed R. Bank. P. 1009. Thus, nothing in the text of Rule 1009 or Interim Rule 1020 prevents a small business debtor from filing an amended petition to elect to have Subchapter V apply to its case, even if it had not previously elected to proceed under Subchapter V (or even if it filed its case before Subchapter V became effective). In re Seven Stars on the Hudson Corp., 618 B.R. 333, 342 (Bankr. S.D. Fla. 2020); In re Keffer, 628 B.R. 897, 904 (Bankr. S.D. W. Va. 2021); In re Blanchard, 2020 WL 4032411, at *3 (Bankr. E.D. La. July 16, 2020) (overruling U.S. Trustee's objection to debtors amending their petition to elect Subchapter V status after U.S. Trustee had filed a motion to convert their case to Chapter 7); In re Bello, 613 B.R. 894, 895-96 (Bankr. E.D. Mich. 2020) (permitting debtor who had originally filed a Chapter 13 case, then converted to Chapter 11, to subsequently amend his petition to elect to proceed under Subchapter V).

## **NOTICE**

34.     Notice of this Motion will be given to: (i) the Chapter 13 Trustee; (ii) counsel for Kahlon and Atlas, (iii) all creditors listed in the Schedules and creditors who filed proofs of claim; (iv) all persons that filed a notice of appearance in this case; and (vi) United States Trustee.

## **NO PREVIOUS REQUEST**

35.     No previous application or other request for the relief sought herein has been made to this or any other Court.

092126\1\170737344.v3

**WHEREFORE,** the Debtor requests the Court grant this Motion and grant such other and

further relief this Court deems just and proper.

Dated: New York, New York
       May 22, 2024

                                    **TARTER KRINSKY & DROGIN LLP**
                                    *Attorneys for the Debtor*


                            By:  /s/ Scott S. Markowitz
                                    Scott S. Markowitz, Esq.
                                    1350 Broadway, 11th Floor
                                    New York, NY 10018
                                    Tel: 212-216-8000
                                    smarkowitz@tarterkrinsky.com

**EXHIBIT A**



Maureen O'Connell
**County Clerk**
**Mineola, NY 11501**

---

| Ref ID#: EC 22 612184 | Instrument Number: 2023- 00121425 |
|---|---|
| | As |

### JE1 - ELECT JUDG SUPREME COURT MONEY

Recorded On:  July 13, 2023
Parties:  ERICA T YITZHAK

   TO  MAX DIVERSIFIED INC                                    Num Of Pages: 6

Recorded By:  COURT                                           Comment:

---

### ** Examined and Charged as Follows: **

JE1 - ELECT JUDG SUPREME CC          0.00

   Recording Charge:        0.00

---

### ** THIS PAGE IS PART OF THE INSTRUMENT **

I hereby certify that the within and foregoing was recorded in the Clerk's Office For:  Nassau County, NY

**File Information:**                    **Record and Return To:**

   Document Number:  2023- 00121425
   Receipt Number:  2941840
   Recorded Date/Time:  July 13, 2023 02:40:06P
   Book-Vol/Pg:  Bk-K Vl-870 Pg-245
   Cashier / Station:  0 DAL / NCCL-5KRYCS2

Maureen O'Connell
**County Clerk Maureen O'Connell**

FILED: NASSAU COUNTY CLERK 07/13/2023 09:00 AM
NYSCEF DOC. NO. 21
INDEX NO. 612184/2022
RECEIVED NYSCEF: 07/17/2023

24-10669-pb   Doc 16   Filed 05/22/24   Entered 05/22/24 13:40:18   Main Document
Pg 15 of 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

ERICA T. YITZHAK, THE LAW OFFICES
OF ERICA T. YITZHAK AND ERICA T.
YITZHAK ESQ. P.C.

                  Plaintiffs,

- against –

TROY LAMBE, MAX DIVERSIFIED INC.
AND SUNRAY SOLAR INC.

                  Defendant(s).

**Index No. 612184/2022**

*JUDGMENT*

---

Plaintiffs, ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK AND ERICA

T. YITZHAK ESQ. P.C. , ("Plaintiff"), by and through their attorneys The Yitzhak Law Group,

having commenced this action by way of Summons and 3213 Motion dated September 12, 2022,

in the Supreme Court of the State of New York, County of Nassau, under the above-caption

seeking judgement against Defendants TROY LAMBE, MAX DIVERSIFIED INC. AND

SUNRAY SOLAR INC., ("Defendants") in the amount of $1,503,013.70, plus interest, costs and

disbursements, on the grounds that the Plaintiffs have established that Defendants have fully

indemnified Plaintiffs pursuant to an Agreement dated February 25, 2016; and

      A Stipulation of Settlement having been executed by the Parties and filed with this Court

on September 16, 2022; and

      Said Stipulation of Settlement affirming the February 25, 2016 Agreement having been

So Ordered by Hon, Danielle Peterson and entered with the Nassau County Clerk's Office on

April 13, 2023; and

      A Notice of Entry having been filed with the court and Served on the Defendants on

April 17, 2023; and it is



ADJUDGED that Plaintiffs ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T.

YITZHAK AND ERICA T. YITZHAK ESQ. P.C., located at 1 Linden Place, Suite 406, Great

Neck, New York 11021, have judgment and recover against Defendants TROY LAMBE, MAX ,

DIVERSIFIED INC. and SUNRAY SOLAR INC., located at 546 S. Cooks Bridge Road,

Jackson, NJ 08527, in the amount of $1,503,013.70, plus statutory interest from May 4, 2022, 161,213. 66

Plaintiffs' costs and disbursements in the amount of $ 350. ; having a judgment in the total

sum of $~~1,503,363.70~~ and Plaintiffs have execution thereon.
1,664,577.36

Dated: July 10, 2023

Hon. Danielle Peterson

**ENTERED**

JUL 13 2023

NASSAU COUNTY
COUNTY CLERK'S OFFICE

FILED: NASSAU COUNTY CLERK 07/13/2023 09:00 AM
NYSCEF DOC. NO. 21

INDEX NO. 612184/2022

RECEIVED NYSCEF: 07/17/2023

24-10669-pb    Doc 16    Filed 05/22/24    Entered 05/22/24 13:40:18    Main Document
Pg 17 of 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

ERICA T. YITZHAK, THE LAW OFFICES
OF ERICA T. YITZHAK AND ERICA T.
YITZHAK ESQ. P.C.

                    Plaintiffs,

- against –

TROY LAMBE, MAX DIVERSIFIED INC.
AND SUNRAY SOLAR INC.

                    Defendant(s).

**Index No. 612184/2022**

**BILL OF COSTS**

ADJUSTED AT $ 350.⁰⁰

THIS 13 DAY OF JULY 20__

_Maureen O'Connell_
Clerk, Nassau Co.

| Costs | Amount | Disbursement | Amount |
|---|---|---|---|
| Costs After Note of Issue CPLR § 8201 subd. 2 | $ | Fee for Index Number CPLR § 8018(a) | $210 |
| | | Request for Judicial Intervention | $95 |
| | | Motion Expenses | $45 |
| | | Service | $ |

Costs: $

Disbursements: $350

Total: $350

## ATTONREY VERIFICATION

ERICA T. YITZHAK, ESQ., an attorney admitted to practice in the courts of this state,

affirms that he is the attorney of record for the Plaintiffs in the above-captioned action; that the

foregoing costs and disbursements have been or will necessarily be made or incurred in this

action and are reasonable in amount. The undersigned affirms that the foregoing statements are

true, under the penalties of perjury.

Dated: Great Neck New York
     May 11, 2023

                         **THE YITZHAK LAW GROUP**
                         *Attorneys for the Plaintiff*

                         By:_____
                             Erica T. Yitzhak, Esq.
                         1 Linden Place, Suite 406
                         Great Neck, New York 11021
                         (516) 466-7144

**FILED: NASSAU COUNTY CLERK 07/13/2023 09:00 AM**
INDEX NO. 612184/2022
NYSCEF DOC. NO. 21
24-10669-pb    Doc 16    Filed 05/22/24    Entered 05/22/24 13:40:18    Main Document
RECEIVED NYSCEF: 07/17/2023
Pg 19 of 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK AND ERICA T. YITZHAK ESQ. P.C. | **Index No. 612184/2022** |
| Plaintiffs, | **NOTICE OF SETTLEMENT** |
| - against – | |
| TROY LAMBE, MAX DIVERSIFIED INC. AND SUNRAY SOLAR INC. | |
| Defendant(s). | |

**PLEASE TAKE NOTICE** that annexed is a copy of the proposed Judgment which will

be presented for settlement and signature at the Supreme Court of Nassau County, 100 Supreme

Court Drive, Mineola, New York, on May 22, 2023, at 9:30 A.M.

Dated: Great Neck New York
May 11, 2023

**THE YITZHAK LAW GROUP**
*Attorneys for the Plaintiffs*

By: _____
Erica T. Yitzhak, Esq.
1 Linden Place, Suite 406
Great Neck, New York 11021
(516) 466-7144

TO: **VIA USPS PRIORITY MAIL**

Troy Lambe
546 S. Cook Bridge Road
Jackson, New Jersey 08527

Max Diversified Inc.
546 S. Cook Bridge Road
Jackson, New Jersey 08527

Sunray Solar Inc.
546 S. Cook Bridge Road
Jackson, New Jersey 08527

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU – Commercial Division Part 7
Present: Hon. Sharon M.J. Gianelli

———————————————————————X

YOSSEF KAHLON a/k/a JOSSEF KAHLON
and ATLAS SOLAR HOLDINGS, LLC,                    Index No: 601659/2016

               Plaintiffs,                    Short Form Order

      -against-

ERICA T. YITZHAK, THE LAW OFFICES OF
ERICA T. YITZHAK and ERICA T. YITZHAK,
ESQ., P.C.,

               Defendants.

———————————————————————X

WHEREAS, this action is currently pending before this Court; and


WHEREAS, Plaintiffs commenced this action against Defendants asserting causes of

action for legal malpractice, breach of contract, breach of fiduciary duty, breach of

quasi-contract and unjust enrichment in connection with Defendants' representation of

Plaintiffs in a prior state action before the Supreme Court of New York County (Index

No. 157465/2012); and


WHEREAS, pursuant to a Decision and Order of the Court dated August 31, 2021

(DeStefano, J.), summary judgment was granting in favor of Plaintiffs and against

Defendants, jointly and severally, on the cause of action alleging legal malpractice; and


WHEREAS, thereafter, the parties stipulated to the discontinuance of all but the first

cause of action for legal malpractice and such stipulation was So-Ordered and filed on

October 13, 2021; and

NYSCEF DOC. NO. 346    24-10669-pb    Doc 16    Filed 05/22/24    Entered 05/22/24 13:40:18    Main Document    RECEIVED NYSCEF: 05/08/2024
Pg 22 of 25

INDEX NO. 601659/2016

WHEREAS, by Order and Decision dated April 13, 2022, this Court denied Defendants'
application for an order vacating and modifying the Court's August 31, 2021 Decision
and Order; and

WHEREAS, on April 29, 2022, Judgment was entered in this action in Plaintiffs' favor
and against Defendants Erica T. Yitzhak, The Law Offices of Erica T. Yitzhak and Erica
T. Yitzhak, Esq., P.C. in the sum of $1,503,013.70; and

WHEREAS, the parties have respectively filed post-judgment motions (Motion Seq.
Nos. 006, 007, 008 and 009); and

WHEREAS, Motion Seq. No. 006 is Plaintiffs' motion for an Order holding Defendants
Erica T. Yitzhak and Erica T. Yitzhak, Esq., P.C. in contempt, in addition to other relief;
and

WHEREAS, Motion Seq. No. 007 is Defendants' motion for an Order reconsidering the
Court's prior Order of August 31, 2021, and upon such consideration, for a dismissal of
the claims of the Plaintiffs and a vacatur of the Judgment entered against the
Defendants; and

WHEREAS, Motion Seq. No. 008 is Non-Party Movant Quick Borrow Inc.'s motion to
quash a subpoena dated February 27, 2024, issued to Quick Borrow Inc., or in the
alternative staying enforcement of the subpoena pending a determination of Motion
Seq. No. 007; and

2

WHEREAS, Motion Seq. No. 009 is Defendants' motion, by Order to Show Cause, for an Order enjoining the auction, transfer or sale of 453 shares in a Defendant Erica T. Yitzhak's co-operative property; and

WHEREAS, Motion Seq. Nos. 007, 008 and 009 were filed with a return date of April 30, 2024; and

WHEREAS, by correspondence dated April 23, 2024, Plaintiffs' counsel informed the Court that Defendant Erica T. Yitzhak filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York, on April 19, 2024, under Case No. 24-10669; and

WHEREAS, all proceedings in this matter were administratively stayed by this Court on April 23, 2024; and

WHEREAS, the Court subsequently received correspondences from Defendants' counsel dated April 23, 2024 and April 25, 2024, objecting to the stay of this matter as to the non-debtor corporate entities, Defendants Erica T. Yitzhak, Esq., P.C. and The Law Offices of Erica T. Yitzhak and asserting that "Plaintiffs have failed to timely oppose the pending motion [Motion Seq. 007], nor has any extension been sought"; and

WHEREAS, Plaintiffs dispute Defendants' counsel's objection and assertion; and

3

WHEREAS, Defendant Erica T. Yitzhak's filing of the bankruptcy petition suspended this Court's authority to continue judicial proceedings as to Erica T. Yitzhak during the pendency of the automatic stay; and

WHEREAS, the filing of a bankruptcy petition by one defendant automatically stays an action against said defendant and not as to the other nonbankrupt defendants; and

WHEREAS, it is well settled that a court has broad discretion to stay proceedings in order to avoid the duplication of effort, risk of inconsistent adjudications and potential waste of judicial resources (*see, e.g., El Greco Inc. v. Cohn,* 139 AD2d 615 [2d Dept 1988]); and

WHEREAS, this Court finds that, in this instance, the duplication of effort, waste of judicial resources, and the possibility of inconsistent rulings in the absence of a stay outweigh any potential prejudice to the non-debtor parties in this action resulting from the stay of this matter.

NOW,

It is

ORDERED, that all proceedings in this action are stayed pending further Order of this Court; and

4

It is

ORDERED, that Plaintiffs' time to file opposition in connection with Motion Seq. Nos. 007, 008 and 009 has not yet expired and is extended to a date to be determined upon the lifting of the stay of this matter.

This constitutes the Order of the Court.

DATED:      Mineola, New York
            May 7, 2024

Sharon M.J. Gianelli
Justice of the Supreme Court

5