**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Erica Itzhak*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
In re:                                                   :
                                                         :    Chapter 11
ERICA ITZHAK,                                            :
                                                         :    Case No.: 24-10669 (JPM)
                               Debtor.                   :
--------------------------------------------------------- x

# DECLARATION OF ERICA ITZHAK PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

I, Erica Itzhak, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am the debtor herein (the "Debtor") and submit this declaration in accordance with Rule 1007-2 of the Local Rules of this court (the "Local Bankruptcy Rules") to assist this court (the "Court") and parties in interest in understanding the circumstances that compelled the conversion of my Chapter 13 to chapter 11 subchapter V case, and in support of the petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[1] I filed an amended petition under Subchapter V Chapter 11 with the Clerk of this Court on July 2, 2024.

2. There is no other or prior bankruptcy case filed by or against me. There has not been a committee of unsecured creditors organized prior to the order for relief.

---

[1] I filed my Chapter 13 petition with the Clerk of this Court on April 19, 2024 and pursuant to an order dated July 1, 2024 [ECF Dkt. No. 36], my Chapter 13 case was converted into Subchapter V Chapter 11.

3. I am a practicing attorney. I practice law under my law firm Erica t. Yitzhak, Esq. PC. I currently reside at 345 East 56th Street, Apt. 4D, New York, NY 10022 (the "Apartment").

I. **EVENTS LEADING TO MY BANKRUPTCY FILING**

4. Several years prior to my bankruptcy filing, I was hired by Atlas Solar Holdings LLC ("Atlas") to seek and recover certain monies allegedly due to Atlas.[2] In an attempt to collect the monies, I drafted a complaint and sued Troy Lambe ("Lambe") and SunRay Solar Inc. ("SunRay") in New York County Supreme Court under Index No. 157465/2012 (the "State Court Action"). The defendants in the State Court Action moved to dismiss the lawsuit on various grounds which was granted without leave to file an amended complaint.

5. In May 2013, SunRay and Lambe filed an action in the United States District Court for the Eastern District of New York under case no.: 13-cv-03126 asserting tort and contractual based causes of action against Atlas, Kahlon and me (the "Federal Court Action").

6. From January 20, 2016, through February 1, 2016, a jury trial in the Federal Court Action was conducted. On January 29, 2016, prior to the jury verdict and pursuant to a settlement agreement SunRay and Lambe settled all its claims in the Federal Court Action against me. My malpractice carrier contributed $600,000 (the balance of the policy) to facilitate the settlement with me.[3]

7. On February 1, 2016, the jury rendered a verdict in the Federal Court Action in favor of Lambe and SunRay and against Kahlon and Atlas in the amount of $1 million.

8. In March 2016, Kahlon and Atlas commenced a malpractice action against me in the Supreme Court of the State of New York, County of Nassau under Index No. 601659/2016

---

[2] Atlas is owned and/or controlled by Yossef Kahlon ("Kahlon").
[3] As part of the settlement, SunRay agreed to indemnify me if Kahlon and/or Atlas subsequently commenced a legal malpractice action against me. Paul Verner, Esq., who was Lambe and SunRay's counsel in the Federal Court Action, was obligated to defend me in any subsequently filed malpractice action.

(the "Malpractice Action"). I was represented by Paul Verner in this action as part of the settlement in the Federal Court Action.

9. Kahlon and Atlas moved for summary judgment in the Malpractice Action. By decision dated August 31, 2021, Kahlon and Atlas obtained summary judgment against me in the amount of $1 million with interest from September 27, 2016. A judgment was entered against me in the Malpractice Acton in the amount of $1,503,013.70 on April 29, 2022 (the "Judgment").

10. I obtained a judgment against Lambe and SunRay in the same amount of the Judgment based upon the indemnification provision in the settlement in the Federal Court Action and I am currently seeking turnover of escrow monies held by Paul Verner on behalf of Lambe and/or SunRay.

11. I filed a motion to re-argue summary judgment which was denied by decision and order dated April 13, 2022.

12. Thereafter, I retained new counsel and filed a motion seeking to renew and vacate the Judgment based upon Rule 13 of the Federal Rules of Civil Procedure. In essence, I am arguing the Malpractice Action should have been barred because it should have been raised in the Federal Court Action.

13. I also commenced a malpractice action against Pual Verner which is currently pending in the United States District Court for the Southern District of New York under case no. 23-civ-2084.

14. In the meantime, Kahlon and Atlas took steps to enforce the Judgment and were close to obtaining a sheriff's sale with respect to my ownership interest in the Apartment.

15. As a result of my bankruptcy filing, the state court judge entered an order staying all proceedings in the Malpractice Action including my efforts to obtain vacatur of the Judgment based upon Rule 13 of the Federal Rules of Civil Procedure.

16. Prior to conversion of my Chapter 13 case to a Subchapter V Chapter 11, I filed a motion to lift the automatic stay to permit me to continue my efforts to obtain vacatur of the Judgment.

17. Pursuant to an order dated July 1, 2024 [ECF Dkt. No. 35], I was granted limited stay relief in order to continue my efforts to obtain vacatur of the Judgment.

## II. INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2

18. I have been advised that Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor which is set forth below.

19. In accordance with Local Bankruptcy Rule 1007-2(a)(3), there has been no prepetition committee of creditors formed in this Chapter 11 case.

20. In accordance with Local Bankruptcy Rule 1007-2(a)(4), a list containing the names, addresses of what I believe to be my twenty (20) largest unsecured creditors has been filed with the Court with my schedules under ECF Dkt. No. 10.

21. In accordance with Local Bankruptcy Rule 1007-2(a)(5), **Exhibit A** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of the creditors holding the five (5) largest secured claims against me.

22. In accordance with Local Bankruptcy Rule 1007-2(a)(6), an approximate summary of my assets and liabilities are set forth in my schedules A/B, D, and E/F which were filed under ECF Dkt. No. 10.

23. Local Bankruptcy Rule 1007-2(a)(7) is not applicable as I am an individual and not a corporate entity.

24. None of my property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditors or agent for any such entity.

25. Local Bankruptcy Rule 1007-2(a)(9) is not applicable as I am an individual and not a corporate entity.

26. Pursuant to Local Bankruptcy Rule 1007-2(a)(10), I am in possession of all my assets and books and records.

27. In accordance with Local Bankruptcy Rule 1007-2(a)(11), **Exhibit B** hereto is a list of all litigation as of the date of my bankruptcy filing to which I am a party.

28. Local Bankruptcy Rule 1007-2(a)(12) is not applicable as I am an individual and not a corporate entity.

29. I intend to continue in the control of my assets and propose a plan of reorganization, which deals fairly with all of my creditors. I am hopeful the Subchapter V trustee will assist in helping me resolve the Judgment and the related Malpractice Action which I commenced against Paul Verner.

30. My projected monthly net income is approximately $8,000 which is generated primarily from my law practice. My expenses and disbursements for the same period are anticipated to be approximately $7,500. My husband also earns income and contributes to paying our monthly expenses.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 3rd day of July 2024

/s/ Erica Itzhak
Erica Itzhak

# EXHIBIT A

# ERICA ITZHAK

# LIST OF FIVE (5) LARGEST SECURED CREDITORS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      :
                                                            :   Chapter 11
ERICA ITZHAK,                                               :
                                                            :   Case No.: 24-10669 (JPM)
                    Debtor.                                 :
------------------------------------------------------------x

## LIST OF CREDITORS HOLDING 5 LARGEST SECURED CLAIMS

*The following is a list of the debtor's creditors holding the 5 largest secured claims. The list is prepared in accordance with Rule 1007-2(a)(5) of the Local Rules of this court for the filing in this Chapter 11 case.*

| *NAME OF CREDITORS AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE)* | *NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE) OF EMPLOYEE, AGENT, OR DEPARTMENT (IF DIFFERENT FROM MAILING ADDRESS) OF CREDITOR FAMILIAR WITH CLAIM* | *AMOUNT OF CLAIM* | *DESCRIPTION AND EST. VALUE OF COLLATERAL SECURING CLAIM* |
|---|---|---|---|
| Bank of America<br>PO Box 31785<br>Tampa, FL 33631 | | $478,558.29 | Mortgage on real property located at 10775 Sunset Ridge Circle, Boynton Beach, FL 33473 |
| Quick Borrow Inc.<br>45 Glen Cove Road<br>Greenvale, NY 11548 | | $425,000.00 | Lien on shares of co-op 345 East 56th Street, Apt. 4D, New York, NY |
| Td Auto Finance<br>PO Box 9223<br>Farmington, MI 48333 | | $23,385.00 | Auto Loan secured by 2019 Jeep Wrangler |
| Volvocarrtl<br>PO Box 91614<br>Mobile, AL 36691 | | $36,477.00 | Auto Loan secured by 2020 Volvo XC90 |
| Yossef Kahlon and Atlas Solar Holdings LLC<br>c/o Vlock & Associates<br>630 Third Avenue, 18th Floor<br>New York, NY 10017 | | $1,503,013.70 | Potential judgment lien against shares of co-op 345 Eats 56th Street, Apt. 4D, New York, NY |

## DECLARATION UNDER PENALTY OF PERJURY

      I, Erica Itzhak, the debtor in this Subchapter V Chapter 11 case, declare under penalty of perjury that I have read the foregoing list of creditors holding the five (5) largest secured claims and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
         July 3, 2024

                                              /s/ Erica Itzhak
                                              Erica Itzhak

# EXHIBIT B

# ERICA ITZHAK

# LITIGATION LIST PRIOR TO THE PETITION DATE

| Title of Action | Court | Nature of Action | Status |
|---|---|---|---|
| Erica T. Itzhak v. Briarwood Insurance Services Inc. and Atlantic Casualtu Insurance Co. Index No. 651193/2024 | New York State Supreme Court, New York County | Contract Action | Pending |
| Erica T. Yitzhak et al. v. Paul William Verner et al. Case No. 23-cv-02084-MMG-OTW | United States District Court, SDNY | Malpractice Action | Pending |
| Yossef Kahlon et al. v. Erica T. Yitzhak et al. Index No. 601659/2016 | New York State Supreme Court, Nassau County | Malpractice Action | Judgment entered |
| Erica T Yitzhak et al v. Troy Lambe et al. Index No. 612184/2022 | New York State Supreme Court, Nassau County | Contract Action | Judgment obtained |