**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Jacob Gabor, Esq.
smarkowitz@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                          :
                                                :    Chapter 11
ERICA ITZHAK,                                   :
                                                :    Case No. 24-10669 (JPM)
                       Debtor.                  :
                                                :
------------------------------------------------------------- x

### NOTICE OF PRESENTMENT OF DEBTOR'S APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 AUTHORIZING RETENTION OF TARTER KRINSKY & DROGIN LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR

**PLEASE TAKE NOTICE**, that upon the annexed Application (the "**Application**")[1] of Erica Itzhak, the above-captioned debtor and debtor-in-possession (the "**Debtor**") and the declaration of disinterestedness of Scott S. Markowitz, Esq. in support thereof, in the above-captioned case, the Debtor will present a proposed order, in the form attached to the Application (the "**Retention Order**") to the Honorable John P. Mastando III, United States Bankruptcy Judge of this Court, on **August 2, 2024 at 12:00 p.m.**, authorizing the Debtor to retain Tarter Krinsky & Drogin LLP as its general bankruptcy counsel to the Debtor effective as of May 16, 2024, *nunc pro tunc*.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Application.

**PLEASE TAKE FURTHER NOTICE,** that, objections, if any, to the entry of the Retention Order approving the Application must be in writing and must be served upon the undersigned proposed attorneys for the Debtor and filed with the Court, so as to be received no later than **August 1, 2024 at 4:30 p.m.** absent which there will not be a hearing and the Retention Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that only if objections to the Retention Order are timely served and filed, the Court shall schedule a hearing to consider the Application and any objections thereto.

Dated: New York, New York
       July 18, 2024

                          **TARTER KRINSKY & DROGIN LLP**
                          *Proposed Attorneys for Erica Itzhak*
                          *Debtor and Debtor-in-Possession*

            By:   */s/ Scott S. Markowitz*
                    Scott S. Markowitz, Esq.
                    Jacob Gabor, Esq.
                    1350 Broadway, 11th Floor
                    New York, New York 10018
                    (212) 216-8000
                    smarkowitz@tarterkrinsky.com
                    jgabor@tarterkrinsky.com

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :
                                                                 :   Chapter 11
ERICA ITZHAK,                                                    :
                                                                 :   Case No. 24-10669 (JPM)
                          Debtor.                                :
                                                                 :
---------------------------------------------------------------- x

## APPLICATION FOR RETENTION OF ATTORNEYS FOR DEBTOR-IN-POSSESSION AS OF MAY 16, 2024

TO:   THE HONORABLE JOHN P. MASTANDO III
      UNITED STATES BANKRUPTCY JUDGE

The application of Erica Itzhak, debtor-in-possession ("**Applicant**" or "**Debtor**"), respectfully shows and alleges:

1. Applicant filed a voluntary petition for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on April 19, 2024.

2. Applicant's Chapter 13 bankruptcy was converted to Subchapter V of Chapter 11 pursuant to an order dated June 28, 2024.

3. Applicant, as debtor-in-possession, desires to employ Tarter Krinsky & Drogin LLP ("**TKD**") as its counsel.

4. Applicant has selected the firm of TKD for the reason they have considerable experience in matters of this nature, and Applicant believes TKD is well qualified to represent

her as a debtor-in-possession in this proceeding. Applicant deems it advisable TKD be retained in order that Applicant may have adequate representation of counsel in this Subchapter V of Chapter 11 case.

5. The professional services that said attorneys are to render are as follows:

(a) To give advice to the Debtor with respect to her powers and duties as a debtor-in-possession in the continued management of her property;

(b) To negotiate with the Debtor's creditors with the assistance of Subchapter V trustee in working out a plan of reorganization, and to take necessary legal steps in order to confirm said plan of reorganization, including, if need be, negotiations in financing a plan of reorganization;

(c) To prepare on behalf of Applicant, as debtor-in-possession, necessary applications, answers, orders, reports and other legal papers;

(d) To appear before the bankruptcy judge and to protect the interests of the debtor-in-possession before the bankruptcy judge, and to represent the Debtor in all matters pending in the Subchapter V of Chapter 11 proceeding; and

(e) To perform all other legal services for Applicant, as debtor-in-possession, which may be necessary herein.

6. It is necessary for Applicant, as a debtor-in-possession, to employ attorneys for such professional services.

7. To the best of Applicant's knowledge, the firm of TKD has no present connection with the creditors, any other party-in-interest, or their respective attorneys, except as set forth in the declaration of Scott S. Markowitz submitted herein.

8. Applicant desires to employ the firm of TKD under a general retainer because of the extensive legal services required. Applicant seeks to retain TKD, *nunc pro tunc* to May 16, 2024, which is the date TKD first started performing services in connection with this bankruptcy case.

9. To the best of Applicant's knowledge, TKD represents no interest adverse to Applicant as debtor-in-possession in the matters upon which they are to be engaged by Applicant and their employment would be in the best interests of this estate. In addition, TKD is a disinterested person as that term is defined in the Bankruptcy Code.

10. No official committee of creditors has been appointed as this is a Subchapter V case.

**WHEREFORE**, Applicant prays that she be authorized to employ and appoint the firm of TKD to represent her as debtor-in-possession in this proceeding under Chapter 11 of the Bankruptcy Code, and this Court grant such other and further relief as is just and proper, for all of which no other application has been made to this or any other Court.

Dated: New York, New York
July 15, 2024

/s/ Erica Itzhak
Erica Itzhak

092126\1\170786790.v2

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :
                                                               :   Chapter 11
ERICA ITZHAK,                                                  :
                                                               :   Case No. 24-10669 (JPM)
                              Debtor.                          :
---------------------------------------------------------------x

**DECLARATION OF DISINTERESTEDNESS OF SCOTT S. MARKOWITZ IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF TARTER KRINSKY & DROGIN LLP AS THE DEBTOR'S COUNSEL, PURSUANT TO 11 U.S.C. §§ 327, 328 AND 1107 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014; AND DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. §329 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016**

I, Scott S. Markowitz, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am an attorney admitted to practice before the Courts of the State of New York and the United States District Court for the Southern District of New York. I am a partner in the firm of Tarter Krinsky & Drogin LLP ("**TKD**" or "**Firm**") which maintains offices for the practice of law at 1350 Broadway, 11th Floor, New York, New York 10018. I am duly authorized to make this declaration on behalf of TKD.

2. I submit this declaration in support of the application (the "**Application**") of the above-captioned debtor and debtor-in-possession (the "**Debtor**") to retain TKD as general bankruptcy counsel in this Subchapter V Chapter 11 case.

3. TKD has never represented the Debtor, and/or entities which the Debtor owns, in any matters.

4. Neither I nor any member, counsel or associate of TKD, as far as I have been able to ascertain, represent or hold any interest adverse to the Debtor, the Debtor's estate, or the Debtor's creditors.

5. As a result of the foregoing, I respectfully state that TKD is "disinterested," within the meaning of that term as used in the Bankruptcy Code, including, without limitation, §§101(14), 327(a), 328 and 1107.

6. TKD has been requested to act as the Debtor's counsel. In connection with that representation, TKD anticipates that it will provide legal advice and related services to the Debtor with respect to the matters set forth in the Application. In addition, TKD expects and believes that it may be required to provide other advice and services to the Debtor as she may request from time to time in keeping with the purposes of its retention.

7. The Debtor has agreed to compensate the Firm at its usual hourly rates for services rendered in connection with this case and to reimburse the Firm for expenses and disbursements made in connection therewith, upon proper application to the Court. The Firm's current rates, which are subject to annual increases, are as follows:

| | | |
|---|---|---|
| Partners: | $550.00 - $895.00 | |
| Associates: | $390.00 - $570.00 | |
| Paralegals: | $285.00 - $395.00 | |

8. No promises have been made to, or received by, TKD, its partners or associates as to compensation in connection with the case other than in accordance with the provisions of the Bankruptcy Code. TKD has no agreement regarding the sharing of compensation with any person or entity other than its economic arrangements with its own partners and associates. TKD

has no agreement with any other entity to share any compensation received in connection with the case, nor will any be made, except as permitted under 11 U.S.C. §504.

9. I will be the attorney primarily responsible for handling the Debtor's case. I am familiar with the United States Bankruptcy Code as well as the Local Rules of this Court, as recently amended.

10. Between May 16 and May 17, 2024, the Firm received $25,000 from Erica T. Yitzhak, Esq., P.C. as a retainer to be applied towards future legal services performed during the Debtor's Chapter 13 case as well as for service to be provided during the Chapter 11 case. From this amount, the Firm paid $932.00 to the Clerk of the Court in connection with the motion to convert the Debtor's Chapter 13 case to a Subchapter V Chapter 11 case.

Dated: New York, New York
   July 18, 2024

                */s/ Scott S. Markowitz*
                Scott S. Markowitz

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re:                                              :
                                                    :    Chapter 11
ERICA ITZHAK,                                       :
                                                    :    Case No. 24-10669 (JPM)
                         Debtor.                    :
------------------------------------------------------------ x

# ORDER AUTHORIZING RETENTION OF TARTER KRINSKY & DROGIN LLP AS GENERAL BANKRUPTCY COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION

Upon the application dated July 15, 2024 (the "**Application**") of Erica Itzhak, debtor and debtor-in-possession (the "**Debtor**") to retain Tarter Krinsky & Drogin LLP ("**TKD**") as general bankruptcy counsel to the Debtor; and upon the declaration of disinterestedness of Scott S. Markowitz, Esq. in support thereof, dated July 18, 2024 (the "**Markowitz Decl.**"); and after due deliberation; and it appearing that sufficient notice was provided in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules; and it appearing the firm of TKD represents no interest adverse to the Debtor as debtor-in-possession herein; and TKD is a disinterested person as that term is defined in §101(14) of the Bankruptcy Code; and the Debtor's employment of TKD is necessary and would be in the best interests of the Debtor; it is hereby

**ORDERED** that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that Erica Itzhak, as debtor-in-possession herein, be and is hereby authorized to appoint and employ TKD as attorneys to represent her as debtor-in-possession under a general retainer in the within proceeding pursuant to §§327, 328 and 1107 of the Bankruptcy Code, effective as of May 16, 2024, *nunc pro tunc*; and it is further

**ORDERED** that to the extent the Application or any other document is inconsistent with this Order, the terms of this Order shall govern; and it is further

092126\1\170787667.v2

**ORDERED** that, notwithstanding any provision to the contrary in the Application or the engagement letter between the Debtor and TKD, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED** that TKD shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and any *Order Pursuant To 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, and the United States Trustee Fee Guidelines; and it is further

**ORDERED** that ten business days' notice must be provided by Tarter Krinsky & Drogin LLP to the Debtor, the United States Trustee prior to any increases in the rates set forth in the Markowitz Decl. that was filed with the Application, and such notice must be filed with the Court.

Dated: New York, New York
August __, 2024

_____
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE