**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Erica Itzhak*
*Debtor and Proposed Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| ERICA ITZHAK, | : | |
| | : | Case No.: 24-10669 (JPM) |
| Debtor. | : | |

-------------------------------------------------------- x

### NOTICE OF DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 9019(a) TO APPROVE THE SETTLEMENT AGREEMENT BETWEEN THE DEBTOR AND ANDREW BLUESTONE, ESQ.

**PLEASE TAKE NOTICE,** that upon the motion (the "Motion") dated September 26, 2020, of Erica Itzhak, debtor and debtor-in-possession (the "Debtor"), by her counsel Tarter Krinsky & Drogin LLP, the Debtor shall move before the Honorable John P. Mastando III, United States Bankruptcy Judge, via Zoom for Government[1] at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, on **October 31, 2024 at 11:00 A.M.** (the "Hearing"), or as soon thereafter as counsel may be heard, for an order approving the settlement agreement between the Debtor and Andrew Bluestone

---

[1] Any party who wishes to attend the Hearing is required to register their appearance 48 hours before any scheduled Zoom® hearing with the eCourtAppearances tool on the Court's website. Judge Mastando's Zoom instructions may be viewed at https://www.nysb.uscourts.gov/content/judge-john-p-mastando-iii The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

("<u>Bluestone</u>"), and for such other and further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief requested in the Motion shall be (i) filed with the Clerk of the Bankruptcy Court on the Court's ECF system; and served upon (ii) Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018, Attn: Scott S. Markowitz, Esq.; (iii) Andrew Bluestone, Esq., 233 Broadway, Suite 2702, New York, NY 10279; and (iv) delivered to the chambers of the Honorable John P. Mastando III, United States Bankruptcy Judge, so that same are received on or before **4:00 p.m. on October 25, 2024**.;

**PLEASE TAKE FURTHER NOTICE,** that if you have no objections to the relief requested in the Motion, you need not appear at the Hearing.

Dated: New York, New York
      September 26, 2024

                         **TARTER KRINSKY & DROGIN LLP**
                         *Attorneys for Debtor Erica Itzhak*
                         *Debtor and Debtor -In-Possession*

                         By:   /s/ Scott S. Markowitz
                             Scott S. Markowitz, Esq.
                             Jacob B. Gabor, Esq.
                             1350 Broadway, 11th Floor
                             New York, New York 10018
                             (212) 216-8000

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x

In re:                                              :
                                                    :        Chapter 11
ERICA ITZHAK,                                       :
                                                    :        Case No.: 24-10669 (JPM)
                                    Debtor.          :
--------------------------------------------------------- x

**DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 9019(a) TO APPROVE
SETTLEMENT AGREEMENT BETWEEN ANDREW BLUESTONE, ESQ. AND THE
DEBTOR**

TO:    THE HONORABLE JOHN P. MASTANDO III
       UNITED STATES BANKRUPTCY JUDGE

Erica Itzhak, debtor-in-possession ("Debtor"), by and through her attorneys, Tarter

Krinsky & Drogin LLP, respectfully represents:

**SUMMARY OF REQUESTED RELIEF**

1.      Prior to the Petition Date (as defined below), the Debtor entered into a retainer

agreement with Andrew Bluestone, Esq. ("Bluestone"). Pursuant to this agreement, Bluestone

agreed to represent the Debtor in a legal malpractice lawsuit against her former counsel, Paul

Verner ("Verner"). Bluestone prepared and filed a complaint against Verner in the Supreme Court

of New York for malpractice. ("Verner Malpractice Lawsuit"). Verner removed the Verner

Malpractice Lawsuit to the United States District Court for the Southern District of New York, case no. 23-cv-02084. The Debtor agreed to compensate Bluestone with thirty percent (30%) of the "sum recovered" (the "Contingent Fee"), plus an initial flat fee of $65,000 (the "Initial Fee"). The Contingent Fee and Initial Fee are collectively the Total Fees (the "Total Fees"). According to the Debtor's schedules, the Verner Malpractice Lawsuit may be worth up to $3,700,000. The Debtor also listed Bluestone as a person she has a claim against on her schedules.

2.     However, approximately one year after the filing of the Verner Malpractice Lawsuit, a dispute arose between the Debtor and Bluestone. As a result, Bluestone filed a motion to be relieved as counsel. The court granted this Bluestone's motion, and the Debtor hired Llyod Weinstein to replace Bluestone.

3.     Upon Bluestone's withdrawal, a dispute arose between the Debtor and Bluestone with regard to the Total Fees. To avoid any discourse with the Verner's Malpractice Lawsuit, the Debtor engaged in settlement discussions with Bluestone. As a result of these discussions, the Debtor and Bluestone agreed to mutually release each other of any claims that relate to Bluestone's representation of the Debtor in the Verner Malpractice Lawsuit (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

4.     One of the key benefits to the Debtor from the Settlement Agreement (in addition to the consensual elimination of a material disputed claim) is the settlement avoids additional litigation costs. The Debtor would have to spend time and money seeking to recover any of the Initial Fee and Bluestone could potentially assert the Contingent Fee against any recovery in the Verner Malpractice Lawsuit. The Settlement Agreement further provides the Debtor with the opportunity to zealously litigate the Verner Malpractice Lawsuit without any encumbrances. The Settlement Agreement provides for mutual releases between the Debtor and Bluestone, including

any potential claims Bluestone may have against the Debtor relating to the Verner Malpractice Lawsuit.

5.      By this motion (the "Motion"), the Debtor seeks to obtain approval of the Settlement Agreement with Bluestone pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION

6.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334 and the standing Order of Referral of Cases to Bankruptcy Judges of the District Court of New York, dated July 10, 1984 (Ward, Acting CJ).), as amended by order M-431 dated January 31, 2012 (Preska, C.D.J.).

7.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

8.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The statutory predicates for the relief requested are § 105 of Title 11 of the United States Code, §§ 101-1532, as amended (the "Bankruptcy Code") and Rules 2002(a)(3), 9006, 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

10.     On April 19, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

11.     On July 1, 2024, this court granted the Debtor's motion to convert the chapter 13 case to a case under chapter 11 (subchapter v) of the Bankruptcy Code.

12.     Yann Geron, Esq. has been appointed as the Subchapter V trustee in this case.

13.     Several years prior to the Petition Date, the Debtor, a practicing attorney, was hired by Atlas Solar Holdings LLC ("Atlas") to seek and recover certain monies allegedly due to Atlas.[1] In an attempt to collect the monies, the Debtor drafted a complaint and sued Troy Lambe ("Lambe") and SunRay Solar Inc. ("SunRay") in New York County Supreme Court under Index No. 157465/2012 (the "State Court Action"). The Defendants in the State Court Action moved to dismiss the lawsuit on various grounds which was granted without leave to file an amended complaint.

14.     In May 2013, SunRay and Lambe filed an action in the United States District Court for the Eastern District of New York under case no.: 13-cv-03126 asserting tort and contractual based causes of action against Atlas, Kahlon and the Debtor (the "Federal Court Action").

15.     From January 20, 2016, through February 1, 2016, a jury trial in the Federal Court Action was conducted. On January 29, 2016, prior to the jury verdict and pursuant to a settlement agreement SunRay and Lambe settled all its claims in the Federal Court Action against the Debtor. The Debtor's malpractice carrier contributed $600,000 (the balance of the policy) to facilitate the settlement against the Debtor.[2]

16.     On February 1, 2016, the jury rendered a verdict in the Federal Court Action in favor of Lambe and SunRay and against Kahlon and Atlas in the amount of $1 million.

17.     In March 2016, Kahlon and Atlas commenced a malpractice action against the Debtor in the Supreme Court of the State of New York, County of Nassau under Index No. 601659/2016 (the "Kahlon Malpractice Action").

18.     Kahlon and Atlas moved for summary judgment in the Kahlon Malpractice Action. By decision dated August 31, 2021, Kahlon and Atlas obtained summary judgment against the Debtor

---

[1] Atlas is owned and/or controlled by Yossef Kahlon ("Kahlon").
[2] As part of the settlement, SunRay agreed to indemnify the Debtor if Kahlon and/or Atlas subsequently commenced a legal malpractice action against the Debtor. Paul Verner, Esq., who was Lambe and SunRay's counsel in the Federal Court Action, was obligated to defend the Debtor in any subsequently filed malpractice action.

in the amount of $1 million with interest from September 27, 2016. A judgment was entered against the Debtor in the Kahlon Malpractice Acton in the amount of $1,503,013.70 on April 29, 2022 (the "Judgment").

19.     The Debtor obtained a judgment against Lambe and SunRay in the same amount of the Judgment based upon the indemnification provision in the settlement in the Federal Court Action and the Debtor is currently seeking turnover of escrow monies allegedly held by Paul Verner on behalf of Lambe and/or SunRay.

20.     The Debtor sought to obtain vacatur of the Judgment which was denied by decision and order dated April 13, 2022.

21.     Thereafter, the Debtor retained new counsel, Lloyd Weinstein, and filed a renewal motion based upon Rule 13 of the Federal Rules of Civil Procedure. In essence, the renewal motion asserts the Kahlon Malpractice Action is barred because it must have been raised in the Federal Court Action.

22.     In a separate action, the Debtor hired Bluestone and commenced the Verner Malpractice Lawsuit against Verner, which is currently pending in the United States District Court for the Southern District of New York. However, because of differences of opinion, Bluestone withdrew as counsel, effective June 12, 2024.

23.     Due to the Debtor's potential exposure to Bluestone on account of the Contingency Fee and the Debtor's potential claim against Bluestone, Bluestone and the Debtor engaged in settlement discussions to mutually release each other from their respective potential obligations to each other.

24.     As such, The Debtor and Bluestone have reached a settlement which will resolve the potential claims the Debtor and Bluestone may have against one another.

## SUMMARY OF SETTLEMENT TERMS

25.     After extensive negotiations, the Debtor and Bluestone were able to reach a settlement resolving all outstanding issues between the parties.

26.     As set forth above, the Settlement Agreement is straightforward. The parties will mutually release each other from all potential claims.[3] Importantly, the mutual release will allow the Debtor to diligently pursue the Verner Malpractice Lawsuit without Bluestone having the ability to assert any claim against any recovery. The Settlement Agreement also eliminates the necessity of protracted and expensive litigation associated with the Bluestone and any potential claims.

27.     In addition, any efforts which the Debtor would undertake to seek refund of the Initial Fee would be vigorously opposed by Bluestone.

28.     As a result of the Settlement Agreement, Bluestone releases any share of the Verner Malpractice Lawsuit proceeds and agrees to not pursue any claim against the Debtor in connection with his representation of her in that lawsuit. The Debtor agrees to allow Bluestone to keep the Initial Fee, and not pursue any claim against him in connection with his representation of her in the Verner Malpractice Lawsuit.

## LEGAL BASIS FOR RELIEF SOUGHT

29.     Federal Rules of Bankruptcy Procedure 9019(a) empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate. The Court's approval is committed to its sound discretion and may not be set aside "except upon a showing of plain error or abuse of discretion." Anaconda-Ericson, Inc. v. Hessen (In re Teletronics Services, Inc.), 762 F.2d 185, 189 (2d Cir. 1985).

---

[3] The Settlement Agreement is also on behalf of the Debtor's law firm.

30.     In making its determination, the Court should not substitute its judgment for that of the Trustee or debtor-in-possession or decide the legal and factual issues raised by the matter sought to be settled.  Rather, it should "canvass" the issues to ascertain the settlement does not fall below the minimal bounds of reasonableness.

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness," Newman v. Stein, 464 F.2d 689, 693 (2 Cir.), cert. denied, sub nom. Benson v. Newman, 409 U.S. 1039, 93 S. Ct. 521, 34 L.Ed.2d 488 (1972).

Cosoff v. Rodmen (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983); Accord Anaconda-Ericson, Inc. v. Hessen (In re Teletronics Services, Inc.), supra, 762 F.2d at 189; In re Lion Capital Group, 49 B.R. 163, 175 Bank. S.D.N.Y. 1985); In re Carla Leather, Inc., 44 B.R. 457, 465 (Bankr. S.D.N.Y., 1984), aff'd, 50 B.R. 764 (S.D.N.Y 1984), aff'd 50 B.R. 764 (S.D.N.Y. 1985).

31.     Further, in assessing a settlement, the Court should give due consideration to the informed judgments of the debtor and its counsel, and the principle the law favors compromise.  In Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991), the Bankruptcy Court observed:

> Further, the court need not conduct a wholly independent investigation in formulating its opinion as to the reasonableness of a settlement.  We may give weight to the informed judgments of the trustee or debtor-in-possession and their counsel that a compromise is fair and equitable, See, In re Carla Leather, Inc., 44 B.R. 457 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985), and consider the competency and experience of counsel who support the compromise.  See, In re Texaco, 84 B.R. 893, 17 BCD 483, 18 CBD.2d 1099 (Bankr. S.D.N.Y 1988); In re International Distribution Centers, Inc., 103 B.R. 420 (S.D.N.Y. 1989).  And indeed, a court may approve a settlement even if it believes that the trustee or debtor-in-possession ultimately would be successful at trial.  In re Teletronics Services, Inc., 46 B.R. 426 (E.D.N.Y 1984),

aff'd 762 F.2d 185 (2d Cir. 1985).  Finally, we must consider the principle that "the law favors compromise."  In re Blair, supra 538 F.2d at 851.

32.     Finally, as the Court of Appeals for the Eleventh Circuit stated: "public policy strongly favors pre-trial settlement in all types of litigation because such cases, depending on their complexity, can occupy a court's docket for years on end, depleting resources of parties and the taxpayers while rendering meaningful relief increasingly elusive."  Matter of Munford, Inc., 97 F.3d 449 (11th Cir. 1996).  In addition, as the Eleventh Circuit went on to state in Matter of Munford, supra, "litigation costs are particularly burdensome on a bankrupt estate given the financial instability of the estate."

33.     The Debtor respectfully submits that when this Court "canvasses" the issues surrounding the proposed settlement, it should conclude, as do the Debtor and Bluestone, the settlement does not "fall below the lowest point in the range of reasonableness."

34.     Indeed, the Debtor believes the settlement embodied in the Settlement Agreement is more than reasonable. The settlement will resolve all claims between the Debtor and Bluestone arising from the Verner Malpractice Lawsuit. In addition, because Bluestone may be entitled to the Contingent Fee, the settlement permits the Debtor to prosecute the Verner Malpractice Lawsuit without having to be concerned with Bluestone making any claim to any settlement proceeds.  The Settlement Agreement further affords the Debtor the opportunity to pursue Verner Malpractice Lawsuit without any hindrance. In short, the settlement implements a global resolution between the Debtor and Bluestone which obviates any need for the Debtor to litigate this dispute.

**NOTICE**

35.     In compliance with Federal Rules of Bankruptcy Procedure 2002(a)(3), the Debtor shall serve a copy of this Motion and all exhibits annexed hereto upon (i) the United States Trustee

for the Southern District of New York, (ii) and all parties who served and filed a notice of appearance.

36. Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure further requires twenty-one (21) days notice to all creditors of a motion to approve a settlement and/or compromise. Accordingly, the Debtor will serve a notice, substantially in the form annexed hereto as **Exhibit "B"** upon all creditors.

37. The Debtor respectfully requests the above notice provisions are adequate and sufficient notice of the Settlement Agreements with Bluestone.

## NO PREVIOUS MOTION

38. No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests the Court enter an order (i) approving the Settlement Agreement between the Debtor and Bluestone, (ii) and grant such further relief.

Dated: New York, New York
      September 26, 2024

            **TARTER KRINSKY & DROGIN LLP**
            *Attorneys for Erica Itzak*
            *Debtor and Debtor-in-Possession*

            By:/s/ Scott S. Markowitz
              Scott S. Markowitz, Esq.
              Jacob B. Gabor, Esq.
              1350 Broadway, 11th Floor
              New York, New York 10018
              (212) 216-8000
              smarkowitz@tarterkrinsky.com
              jgabor@tarterkrinsky.com

**EXHIBIT A**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                         :

In re:                             :
                                         :     Chapter 11

ERICA ITZHAK,             :
                                         :     Case No. 24-10669 (JPM)
                    Debtor.       :
                                         :
------------------------------------------------------------ x

## <u>SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

THIS Settlement Agreement and Mutual Release (the "**<u>Settlement Agreement</u>**") is made this __16th__ day of September, 2024, by and among Erica T. Itzhak, debtor-in-possession (the "**<u>Debtor</u>**"), Erica T. Itzhak Esq. P.C., The Law Office of Erica T. Yitzhak and Andrew Bluestone, Esq. ("**<u>Bluestone</u>**") (the Debtor, Erica T. Itzhak Esq. P.C. and the Law Office of Erica T. Yitzhak collectively as the "**<u>Parties</u>**" and individually as the "**<u>Party</u>**").

**WHEREAS**, on April 19, 2024 (the "**<u>Petition Date</u>**") the Debtor, filed a petition for relief pursuant to chapter 13 of Title 11 of the United States Code (the "**<u>Bankruptcy Code</u>**") in the United States Bankruptcy Court for the Southern District of New York (the "**<u>Bankruptcy Court</u>**") which case was assigned Case No: 24-10669 (the "**<u>Bankruptcy Case</u>**"); and

**WHEREAS**, by Order dated July 1, 2024, the Bankruptcy Case was converted to Subchapter V Chapter 11 case; and

**WHEREAS**, prior to the Petition Date, the Debtor, Erica T. Itzhak Esq. P.C., The Law Office of Erica T. Yitzhak retained Bluestone as r counsel to represent her and her law firm as plaintiff in a malpractice action against Paul Verner, Esq. and his law firm (the "**<u>Lawsuit</u>**");

and

WHEREAS, the Debtor, Erica T. Itzhak Esq. P.C. and the Law Office of Erica T. Yitzhak agreed to compensate Mr. Bluestone with thirty percent (30%) of the "sum recovered" ("contingent fee"), whether by suit, settlement or otherwise plus an initial flat fee of $65,000 in in the retainer agreement. The flat fee was to be earned as a flat fee upon commencement of the review of documents in preparation of a complaint. Neither the flat fee nor the contingent fee portion of the agreement covered or contemplated appellate work in this or any case, and if such appellate work was necessary it would be memorialized in a new and separate retainer agreement which would be in addition to, and not a part of, the contingent fee. The Debtor and/or Erica T. Itzhak Esq. P.C. and the Law Office of Erica T. Yitzhak paid Bluestone only $50,000 towards the flat fee for services rendered in prosecuting the Lawsuit (the "**Flat Fee**"); and

WHEREAS, Bluestone commenced to review documents, commenced an action by the purchase of an index number, litigated a removal to Federal Court, communicated with the Judge and the Magistrate assigned to the case in U.S. District Court, attended discovery conferences, prepared and served discovery demands and engaged in a Case Management Order conference and order, along with settlement discussions and mediation with the Magistrate; and

WHEREAS, a dispute arose between the Debtor, Erica T. Itzhak Esq. P.C. and the Law Office of Erica T. Yitzhak and Bluestone, and Bluestone filed a motion to be relieved as counsel in the Lawsuit; and

WHEREAS, the Debtor scheduled on her Schedule A/B a potential claim against Bluestone arising from his representation of the Debtor in the Lawsuit; and

WHEREAS, the Parties are desirous of resolving any disputes among the Parties pursuant to the agreed settlement upon the terms set forth below.

2

**WHEREAS**, Debtor and Erica T. Itzhak Esq. P.C. and the Law Office of Erica T. Yitzhak acknowledge that Bluestone commenced to review documents, commenced an action by the purchase of an index number, litigated the removal of the matter to U.S. District Court, attended settlement and mediation discussions with the Magistrate Judge, attended discovery conferences, prepared and served discovery demands and engaged in a Case Management Order conference and Order,**NOW, THEREFORE**, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the Parties agree as follows:

1. **Mutual Releases**.

   1.1 **Release by Debtor in Favor of Bluestone.** In consideration of the execution of this Settlement Agreement, the Debtor on behalf of herself and her bankruptcy estate, hereby fully, finally and irrevocably releases, acquits, and forever discharges Bluestone, from any and all claims the Debtor or her Estate may have against Bluestone, whether such claims are known or unknown, suspected or unsuspected, disclosed or undisclosed, past or present, pre- or post-Petition, foreseen or unforeseen, through and including the effective date of this Settlement Agreement.

   1.2 **Release by Erica T. Itzhak Esq. P.C. in Favor of Bluestone.** In consideration of the execution of this Settlement Agreement, Erica T. Itzhak Esq. P.C. (the "**P.C.**"), hereby fully, finally and irrevocably releases, acquits, and forever discharges Bluestone, from any and all claims the P.C. may have against Bluestone, whether such claims are known or unknown, suspected or unsuspected, disclosed or undisclosed, past or present, pre- or post-Petition, foreseen or unforeseen, through and including the effective date of this Settlement Agreement.

   1.3 **Release by the Law Office of Erica T. Yitzhak in Favor of Bluestone.** In consideration of the execution of this Settlement Agreement, the Law Office of Erica T. Yitzhak (the "**Yitzhak Firm**"), hereby fully, finally and irrevocably releases, acquits, and

3

forever discharges Bluestone, from any and all claims the Yitzhak Firm may have against Bluestone, whether such claims are known or unknown, suspected or unsuspected, disclosed or undisclosed, past or present, pre- or post-Petition, foreseen or unforeseen, through and including the effective date of this Settlement Agreement.

1.4 **Release by Bluestone.** In consideration of the execution of this Settlement Agreement, and the Debtor's, Erica T. Itzhak Esq. P.C.'s and the Law Office of Erica T. Yitzhak's relinquishment of any claims under the Retainer, Bluestone hereby fully, finally and irrevocably releases, acquits, and forever discharges the Debtor, the Debtor's Estate, Erica T. Itzhak Esq. P.C. and the Law Office of Erica T. Yitzhak from any and all claims or liens Bluestone may have or has had against the Debtor, the Debtor's Estate, Erica T. Itzhak Esq. P.C. and/or the Law Office of Erica T. Yitzhak, including a relinquishment to any claim for fees or monies under the flat fee and/or the contingent fee arrangement, whether such claims are known or unknown, suspected or unsuspected, disclosed or undisclosed, past or present, pre- or post-Petition, foreseen or unforeseen, through and including the effective date of this Settlement Agreement.

2. **Settlement**

2.1 **Flat Fee** In consideration for signing this Settlement Agreement, Bluestone shall be entitled to retain the flat fee payment of $50,000 but shall make no other claims for fees or monies under the flat fee and/or the contingent fee arrangement, nor file any liens against any proceeds which may be obtained from prosecution and/or settlement of the Lawsuit.

2.2 **Subject to Bankruptcy Court Approval.** Within seven (7) days of the execution of this Settlement Agreement, the Debtor shall file with the Bankruptcy Court a motion to approve the settlement hereunder. Upon the date on which the Bankruptcy Court order approving this Settlement Agreement becomes a final order (*i.e.*, an order that is no

longer subject to any appeal or review and as to which no stay of effectiveness or enforcement is in force) (the "**Final Order**"), this Settlement Agreement shall be approved, with each party to bear its own costs and fees. The Parties agree that if this Settlement Agreement is not approved by the Bankruptcy Court, this Settlement Agreement shall be null and void and made without prejudice to either Party.

3.      Each signatory to this Settlement Agreement hereby covenants and warrants to the other Party that he or she is fully authorized to (i) execute the Settlement Agreement on behalf of the Party(ies) he or she represents, (2) fully understands the terms and conditions set forth in this Settlement Agreement and (3) is fully authorized to bind the Party(ies) to all of the terms of this Settlement Agreement.

4.      This Settlement Agreement constitutes the entire agreement between the Parties concerning the matters set forth herein and supersedes any and all prior agreements between them concerning the matters set forth herein.

5.      This Settlement Agreement may not be modified or amended except by a writing signed by each of the Parties hereto.

6.      This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page by facsimile transmission or electronic mail shall be effective as delivery of a manually executed counterpart.

092126\1\170860043 v1

7.     Each Party hereto acknowledges that it has been represented by independent legal counsel, or has had the opportunity to be represented by independent legal counsel of their choosing, in connection with the execution of this Settlement Agreement and is fully aware of the terms and conditions contained herein. Each Party affirms that is has entered into and executed this Settlement Agreement as a voluntary action and without coercion or duress of any kind.

Dated: New York, New York
     September __16__, 2024

By: _____
    Andrew Bluestone

Dated: New York, New York
     September __13__, 2024

By: _____
    Erica T. Itzhak
    Debtor-in-Possession

Dated: New York, New York
     September __13__, 2024

By: _____
    Erica P. Itzhak, Esq., P.C.

Dated: New York, New York
     September __13__, 2024

By: _____
    The Law Office of Erica T. Yitzhak

092126\1\170860043.v1

**EXHIBIT B**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
In re:                                                        :
                                                              :          Chapter 11
ERICA ITZHAK,                                                 :
                                                              :          Case No.: 24-10669 (JPM)
                                  Debtor.                     :
----------------------------------------------------------- x

## NOTICE OF SETTLEMENT AND COMPROMISE BETWEEN THE DEBTOR AND ANDREW BLUESTONE

**PLEASE TAKE NOTICE**, that upon the motion (the "Motion"), dated September 26, 2024, of Erica Itzhak, the debtor and debtor in possession (the "Debtor"), by her counsel, Tarter Krinsky & Drogin LLP, the Debtor shall move before the Honorable John P. Mastando III, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004, on **October 31, 2024 at 11:00 a.m.**, for an order approving a settlement agreement between the Debtor and Andrew Bluestone ("Bluestone").

**PLEASE TAKE FURTHER NOTICE**, the settlement agreement generally provides the Debtor and Bluestone shall mutually release any potential claims against each other. In exchange, Bluestone keeps the initial fee paid to him by the Debtor in the sum of $50,000.

**PLEASE TAKE FURTHER NOTICE**, that creditors or other interested parties may obtain further information regarding the settlement agreement and the proposed settlement terms from the Debtor's counsel, at the address and telephone number below.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion shall be (i) filed with the Clerk of the Bankruptcy Court on the Court's ECF system; (ii) served upon Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018, Attn: Scott S. Markowitz, Esq.; (iii) Andrew Bluestone, Esq., 233 Broadway, Suite 2702, New York, NY 10279; and (iv) delivered to the chambers of the Honorable John P. Mastando III, United States Bankruptcy Judge, so that same are received on or before 4:00 p.m. on October 25, 2024.

**PLEASE TAKE FURTHER NOTICE**, that if you have no objections to approval of the settlement agreement, you are not required to attend the hearing.

Dated: New York, New York
September 26, 2024

TARTER KRINSKY & DROGIN LLP
*Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*

By:/s/ Scott S. Markowitz
Scott S. Markowitz, Esq.
Jacob B. Gabor, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
smarkowitz@tarterkrinsky.com
jgabor@tarterkrinsky.com