**LEWIS BRISBOIS BISGAARD & SMITH LLP**
110 S.E. 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Tel.: 954-828-0357
Fax: 954-678-4090
David H. Haft, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| -------------------------------------------------- x | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 24-10669 JPM |
| ERICA ITZHAK, | : | |
| | : | |
| Debtor | : | |
| | : | |
| -------------------------------------------------- x | | |

# NOTICE OF JOSSEF KAHLON'S MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 4007(c) AND LOCAL RULE 9006-2 TO EXTEND TIME TO OBJECT TO DISCHARGE

**PLEASE TAKE NOTICE** that a hearing will be held will be held before the Honorable John P. Mastando III, United States Bankruptcy Judge via Zoom for Government[1] or as soon thereafter as counsel can be heard, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), located at One Bowling Green, New York, New York 10004, on **October 16, 2024** at **9:00 a.m.,** or as soon thereafter as counsel can be heard (the "**Hearing**"), to consider the Jossef Kahlon's motion for an order, pursuant to Bankruptcy Rule 4007(c) and Local Rule 9006-2 extending his deadline to file a complaint to object to discharge under section 523(a)(6) of the Bankruptcy Code.

---

[1] Any party who wishes to attend the Hearing is required to register their appearance 48 hours before any scheduled Zoom® hearing with the eCourtAppearances tool on the Court's website. Judge Mastando's Zoom instructions may beviewed at https://www.nysb.uscourts.gov/content/judge-philip-bentley The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

146352456.1

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained from the Bankruptcy Court's website at http://www.nysb.uscourts.gov using a Pacer password (to obtain a Pacer password, go to the Pacer website at http://www.pacer.gov) or by contacting undersigned attorneys by email or telephone.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the Motion:

(1) shall be set forth in a writing describing the basis therefor, and conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York; and

(2) shall be filed and served as follows, so as to be received no later than **October 9, 2024 at 4:00 p.m.**:

(i) shall be filed with the United States Bankruptcy Court for the Southern District of New York (a) in accordance with General Order M-399, electronically, by registered users of the Bankruptcy Court's case filing system, or (b) in accordance with Local Bankruptcy Rules 5005-1 and 9004-1, submitted to the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004;

(ii) shall be submitted in hard-copy form directly to the chambers of the Honorable John P. Mastando III, United States Bankruptcy Judge, at the Bankruptcy Court, One Bowling Green, New York, New York 10004 in accordance with Local Bankruptcy Rule 9070-1; and

(iii) shall be served upon: (a) Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018 (Attn: Scott S. Markowitz, Esq.), counsel to the Debtor; (b) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York, NY 10004-1408 and (c) Lewis Brisbois Bisgaard & Smith LLP, 77

Water Street, Suite 2100, New York, NY 10004 (Attn. Minyao Wang, Esq.), Attorneys for Jossef Kahlon.

Dated: September 27, 2024

      **LEWIS BRISBOIS BISGAARD & SMITH LLP**
      110 Southeast Sixth Street, Suite 2600
      Fort Lauderdale, Florida 33301
      Telephone: (954) 728-1280
      Facsimile: (954) 678-4090
      E-Service: ftlemaildesig@lewisbrisbois.com

      77 Water Street, Suite 2100
      New York, New York, 10005
      Telephone: (212) 232-1300
      Facsimile: (212) 232-1399

      By:/s/ *David H. Haft* _____
      David H. Haft, Esq.
      david.haft@lewisbrisbois.com
      aviva.pasternak@lewisbrisbois.com
      Minyao Wang, Esq.
      minyao.wang@lewisbrisbois.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
110 S.E. 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Tel.: 954-828-0357
Fax: 954-678-4090
David H. Haft, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ x
In re:                                                                  :    Chapter 11
                                                                              :    Case No. 24-10669 JPM
ERICA ITZHAK,                                                :
                                                                              :
             Debtor.                                              :
------------------------------------------------------ x

**MOTION PURSUANT TO BANKRUPTCY RULE 4007(c) TO EXTEND THE DEADLINE TO OBJECT TO DEBTOR'S DISCHARGE**

Creditor and Interested Party, Jossef Kahlon ("Mr. Kahlon"), by and through undersigned counsel, hereby respectfully moves this court pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure and Local Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York, for an order extending the deadline by which Mr. Kahlon is required to file a complaint under Section 523(c) of Title 11 of the United States Code (the "Bankruptcy Code") to determine the dischargeability of a debt owed to Mr. Kahlon by the chapter 11 Debtor in the above-entitled action, Erica Yitzhak. ("Debtor" or "Ms. Yitzhak").  Because Mr. Kahlon and the Debtor are currently engaged in settlement discussions, Mr. Kahlon submits that this deadline should be extended to the date that objection to the Debtor's plan of reorganization is due.  In support of his motion, Mr. Kahlon respectfully states as follows:

146351634.1

1. Ms. Yitzhak filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on or about April 19, 2024. Pursuant to a motion filed by Ms. Yitzhak (Docket No 16), by a Court order dated June 28, 2024 (Docket No 30), her case was converted to a case under chapter 11 of the Bankruptcy Code. No committee has been appointed in this case and Ms. Yitzhak continues to operate as a debtor in possession pursuant to Section 1107 of the Bankruptcy Code.

2. On July 18, 2024, Ms. Yitzhak filed a plan of reorganization (the "Proposed Plan"). *See* Docket No. 51.

3. The required Section 341 meeting of creditors was held on July 29, 2024.

4. Pursuant to Rule 4007(c) and as set forth in the Notice of the Section 341(a) meeting (*see* Docket No. 39), the deadline for a creditor to object to discharge of Ms. Yitzhak's liability pursuant to sections 523(a)(2), (4), or (6) of the Bankruptcy Code is September 27, 2024.

5. As the Court is aware, Mr. Kahlon is the largest creditor in this chapter 11 case. Mr. Kahlon has filed a proof of claim in the amount of at least $1,853,773.23. *See* Claim No. 17.

6. Mr. Kahlon's claim is based on a New York state court legal malpractice judgment (the "Judgment") that he obtained against Ms. Yitzhak, a member of the State Bar of New York, in connection with her highly deficient representation of Mr. Kahlon.

7. Specifically, Ms. Yitzhak commenced in October 2012 an action on behalf of Mr. Kahlon and Atlas Solar Holdings, LLC ("Atlas") in the Supreme Court of the State of New York, County of New York, under Index Number 157465/2012 (the "Initial State Action") against Troy Lambe ("Mr. Lambe") and SunRay Solar Inc. ("SunRay").

8. Ms. Yitzhak's representation of her clients—Mr. Kahlon and Atlas—in the Initial State Action was woefully deficient. Her egregious acts of commission and omission as a lawyer in the Initial State Action were severely prejudicial to the interests of Mr. Kahlon and Atlas. On or

about July 13, 2013, Justice Peter Sherwood dismissed the complaint that was prepared and filed by Ms. Yitzhak in the Initial State Action, *without* leave to amend.

9. Shortly thereafter, Mr. Lambe and SunRay, as plaintiffs, filed a lawsuit in the United States District Court for the Eastern District of New York against Mr. Kahlon, Atlas, Ms. Yitzhak and Ms. Yitzhak's law firms (Case No. 13-Cv-03126) (the "Initial Federal Action").

10. Plaintiffs in the Initial Federal Action asserted tort and contract-based claims in connection with the conduct of Mr. Kahlon, Atlas and Ms. Yitzhak in the Initial State Action. A jury trial was held in January 2016 in the Initial Federal Action. During the trial, Mr. Lambe and SunRay reached a settlement agreement to resolve all their claims against Ms. Yitzhak that arose from her conduct in the Initial State Action. However, plaintiffs did not settle their claims with Mr. Kahlon and Atlas in the Initial Federal Action. Thereafter, the jury deliberated and returned a verdict in favor of Mr. Lambe and Sunray and against Mr. Kahlon and Atlas in the amount of one million dollars ($1,000,000).

11. Notably, before concluding the trial in the Initial Federal Action, Judge Leonard Wexler of the Eastern District issued an exceptionally harsh on-the-record rebuke against Ms. Yitzhak's professional misconduct in the Initial State Action. Judge Wexler opined that Ms. Yitzhak's legal work in the Initial State Action grossly deviated from the normal standards of competency and professionalism to such an extent that he seriously considered reporting Ms. Yitzhak to the New York State bar disciplinary authorities.

12. Judge Wexler specifically said on the record that Ms. Yitzhak's conduct as a lawyer in the Initial State Action "violated everything that a lawyer should have done in a case." Ms. Yitzhak "violated all the ethics as a lawyer." According to Judge Wexler, Ms. Yitzhak's actions were "disgusting" and "horrible."

13. After the conclusion of the Initial Federal Action, Mr. Kahlon filed a malpractice case against Ms. Yitzhak in state court in Nassau County (the "State Malpractice Action"). The state court in the State Malpractice Action granted summary judgment in favor of Mr. Kahlon and entered the Judgment in the amount of $1,503,013.70 against Ms. Yitzhak.

14. The Judgment is now final and not subject to appeal under New York state law. Ms. Yitzhak has filed a motion to vacate the Judgment in state court. Mr. Kahlon has removed that motion to the United Stated District Court for the Eastern District of New York, as a matter arising in and/or related to Ms. Yitzhak's bankruptcy case in this Court. *See* 28 U.S.C. §§ 1452 and 1334. Mr. Kahlon anticipates moving to transfer that motion to this Court. Ms. Yitzhak, however, has moved to remand the motion to state court. Her motion, opposed by Mr. Kahlon, is pending.

15. Ms. Yitzhak has filed a malpractice action of her own against Paul Verner, her prior counsel in the State Malpractice Action. That action is pending.

16. Ms. Yitzhak filed her petition for bankruptcy relief to forestall Mr. Kahlon's efforts to collect her assets to satisfy the Judgment.

17. While Rule 4007(c) sets a 60 day deadline, as measured from the date of the Section 341(a) meeting, for the filing of a complaint by a party in interest to object to a discharge based on § 523(a)(2), (4), or (6) of the Bankruptcy Court, it also gives the court the discretion to extend the deadline for cause as long as the motion for extension is filed before the expiration of the 60 day deadline. *See, e.g., In re Sheppard*, 532 B.R. 672 (B.A.P. 6th Cir. 2015) (extensions should be liberally granted).

18. Section 523(a)(6) of the Bankruptcy Code prohibits an individual debtor from obtaining a discharge for debt incurred as a result of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

19. Courts have interpreted § 523(a)(6) to mean that a debt is not dischargeable if a debtor's misconduct was substantially certain to result in the injury at issue to a creditor. *Hough v. USAA Cas. Ins. Co.* (*In re Margulies*), 721 F. App'x 98, 101 (2d Cir. 2018). As the Second Circuit has illustrated, a person's failure to apply the car brakes before striking another person satisfied this test because the injuries were "substantially certain to flow" from that failure. *Id*.

20. Similarly, in the context of a debt resulting from medical malpractice, a patient-creditor's complaint to deny a discharge for a medical doctor under § 523(a)(6) survived a motion to dismiss because it plausibly alleged that the doctor's "affirmative treatment and lack of subsequent corrective action was substantially certain to result in Plaintiff's injury." *Schoeb v. Sorelle* (*In re Jonathan R. Sorelle, M.D., PLLC*), 2020 Bankr. LEXIS 2009, at *6 (Bankr. Nev. June 30, 2020). The court held that it was not necessary to establish a specific intent to harm the patient by the doctor. *Id*.

21. Like the creditor in *Schoeb*, Mr. Kahlon submits that he can demonstrate that Ms. Yitzhak's "conscious disregard" of his rights in the Initial State Court Action and Ms. Yitzhak's failure to correct her mistakes during her the course of representation was sufficient to satisfy the test under § 523(a)(6) to deny Ms. Yitzhak a discharge of the Judgment debt. This is especially so because Ms. Yitzhak's conduct in the Initial State Court Action was so outrageous as to solicit a harsh on the record rebuke from a federal judge, as discussed *supra*.

22. An extension of the deadline to file a complaint under § 523(a)(6) is warranted here because the parties are currently engaged in settlement discussions, as Ms. Yitzhak has reported

5

to this Court. *See* Docket No. 57. Since the filing of that status report, the parties have held one settlement discussion which attended by Ms. Yitzhak, her chapter 11 counsel, her counsel in the Malpractice State Action, and the Chapter V trustee, Mr. Yann Geron. Mr. Kahlon and Ms. Yitzhak have traded specific settlement numbers. It is Mr. Kahlon's understanding, based on a conversation between Mr. Markowitz and Mr. Wang, that Ms. Yitzhak is in separate settlement discussions with Mr. Verner.

23. Because of the ongoing settlement discussions, Ms. Yitzhak has not moved forward with her Proposed Plan. No objection deadline has been set with respect to her Proposed Plan.

24. Because of potential consensual resolution of their dispute, the parties should not be required to expend resources at this stage to litigate whether the Judgment can be discharged under § 523(a)(6). Mr. Kahlon believes that it is fair, equitable and appropriate to extend this filing deadline to the date that objections to the confirmation of the Proposed Plan are due.

25. No previous request for this relief has been addressed to this or any other Court.

26. Pursuant to Local Rule 9006-2, the filing of this motion automatically tolls Mr. Kahlon's deadline until the Court can rule on this Motion.[1]

Dated: September 27, 2024

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
E-Service: ftlemaildesig@lewisbrisbois.com

77 Water Street, Suite 2100
New York, New York, 10005

---

[1] Undersigned counsel was advised by email by Chambers that October 16, 2024 is the earliest available return date for this Motion. The requirements for Local Rule 9006-2 are therefore met and the automatic interim extension is in effect upon the filing of this Motion.

Telephone: (212) 232-1300
Facsimile: (212) 232-1399

By:/s/ *David H. Haft*　　　　　
David H. Haft, Esq.
david.haft@lewisbrisbois.com
aviva.pasternak@lewisbrisbois.com
Minyao Wang, Esq.
minyao.wang@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).