**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
Telephone: (212) 232-1300
Facsimile: (212) 232-1399
Email: Minyao.Wang@lewisbrisbois.com
*Attorneys for Yossef Kahlon*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ x
In re:

ERICA ITZHAK,

        Debtor

------------------------------------------------------ x

Chapter 11

Case No. 24-10669

**LIMITED OBJECTION TO DEBTOR'S MOTION FOR SETTLEMENT WITH HER PRIOR COUNSEL**

      Creditor and party-in-interest Yossef Kahlon ("Mr. Kahlon"), who holds by far the largest claim in this chapter 11 case, respectfully submits this limited objection to the motion (the "Motion") (EFC No. 62) filed by chapter 11 debtor Erica Itzhak (the "Debtor" or "Ms. Itzhak") to approve a settlement agreement with her former counsel, Andrew Bluestone, with respect to a pending malpractice action Ms. Itzhak is pursuing against Paul Verner. According to Ms. Itzhak, a dispute about legal fees arose with Mr. Bluestone after she terminated Mr. Bluestone and substituted in Lloyd Weinstein. Through the Motion, Ms. Itzhak seeks approval of a settlement agreement to resolve her dispute with Mr. Bluestone.

      Mr. Kahlon does not oppose the specific proposed compromise set forth in the underlying Motion, but takes this opportunity to express his serious concern regarding Ms. Itzhak's continued failure to seek the requisite Bankruptcy Court approval for the retention of Mr. Weinstein as her counsel in various matters. This situation is in particular troubling because (i)

1

the Debtor has been on notice regarding her failure to submit a retention application for at least three months[1] and (ii) it appears that Mr. Weinstein is performing work for the bankruptcy estate that lacks any good-faith support in law.

It is black-letter bankruptcy law that no professional can perform work for a chapter 11 debtor unless and until an employment application is filed and a retention order is entered by the Bankruptcy Court. *Bank Brussels Lambert v. Coan* (*In re AroChem Corp.*), 176 F.3d 610, 620-21 (2d Cir. 1999) ("The trustee of a bankruptcy estate may, subject to bankruptcy court approval, employ professionals 'to represent or assist the trustee.'"); *In re CCT Communs., Inc.*, No. 07-10210 (SMB), 2010 Bankr. LEXIS 2947, at *13 (Bankr. S.D.N.Y. Aug. 24, 2010) ("a debtor may retain professionals only with court approval.").

Section 327(e) of the Bankruptcy Code expressly provides that "[t]he trustee, *with the court's approval*, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, *if in the best interest of the estate*" (emphasis added). Under Rule 2014 of the Federal Rules of Bankruptcy Procedure, an employment application requires disclosure of specific items, including facts justifying the proposed retention and the arrangement for compensation. Notice to the United States Trustee is also required.

Here, as the underlying Motion discloses, Ms. Itzhak has retained Mr. Weinstein as her replacement counsel in various state court actions. But Ms. Itzhak has never filed an employment application with the Court (even after being put on notice that she is required to do so). Nor has she made the required disclosures concerning the terms of engagement as required

---

[1] As described further below, on July 31, 2024, Mr. Kahlon removed a state action to the United States District Court for the Eastern District of New York. In footnote 5 to the *Notice of Removal*, attached hereto as **Exhibit 1**, Mr. Kahlon put the Debtor on notice that she is violating Section 327(e) of the Bankruptcy Code for failing to file a retention application.

by Rule 2014. Under Second Circuit law, work done for a bankruptcy estate prior to the entry of a retention order is unlawful and cannot be compensated. *CCT Communs., Inc*., 2010 Bankr. LEXIS 2947, at *13 ("In the Second Circuit, there is a per se prohibition against compensating professionals for services rendered prior to a retention order."). Mr. Kahlon therefore reserves all rights with respect to the work done by Mr. Weinstein without Court approval.

The lack of an employment application and the resulting lack of a court retention order is deeply troubling here because Mr. Kahlon believes that Mr. Weinstein is pursuing, without Court authority, a course of action that cannot be supported by existing law or a good faith argument for the extension modification of existing law. In other words, Mr. Weinstein is performing, without the retention authority of this Court, legal work in a manner that is inconsistent with the bankruptcy estate's fiduciary responsibilities under the Bankruptcy Code.

Mr. Kahlon is the largest creditor in this chapter 11 case. Ms. Itzhak has admitted that she would not have filed this bankruptcy case but for Mr. Kahlon's claim. Mr. Kahlon's claim stems from a final and non-appealable judgment of approximately $1,800,000 (including interest and fees) that he obtained against Ms. Itzhak in a state court legal malpractice action in Nassau County, New York.

The background section of Ms. Itzhak's Motion selectively omits highly relevant facts related to Mr. Kahlon's malpractice claim against her. In particular, Ms. Yitzhak, a licensed New York attorney, acted for Mr. Kahlon in initiating civil litigation in October 2012in the New York County Supreme Court against certain parties. Ms. Yitzhak's legal work in that case was woefully deficient and severely prejudicial to Mr. Kahlon. Due to her egregious acts and omissions as a lawyer, Mr. Kahlon's litigation, to his great detriment, was dismissed without leave to amend. Thereafter, defendants in the original state court action brought litigation in the Eastern District of New York (Case No. 13- CV03126) against both Ms. Yitzhak and Mr.

Kahlon. During the trial proceedings held in the Eastern District, Judge Leonard Wexler issued a harsh on-the record rebuke of Ms. Yitzhak regarding her legal work on behalf of Mr. Kahlon. Specifically, according to Judge Wexler, Ms. Yitzhak "violated everything that a lawyer should have done in a case" and that her performance was "disgusting" and "horrible."

In light of this extraordinary on-the-record reprimand by a federal judge, it is candidly no surprise that Mr. Kahlon prevailed in his malpractice action against Ms. Itzhak. Ms. Itzhak retained Mr. Weinstein only after all legitimate options to challenge the judgment have been exhausted. Ms. Itzhak thereafter filed a motion to vacate the judgment in the state action. This last-minute motion is based *entirely* on the theory that Mr. Kahlon was supposedly required by Rule 13(a) of the Federal Rules of Civil Procedure to bring the malpractice claim against Ms. Itzhak when both Mr. Kahlon and Ms. Itzhak were co-defendants (i.e., co-parties) in the earlier federal action presided over by Judge Wexler. However, it is elementary law that cross-claims between co-parties are always permissive. *See* Exhibit 1, ¶¶ 14-16. Mr. Kahlon has previously expressed to this Court that this baseless assertion of the preclusive effect under Rule 13(a) under clearly inapplicable circumstances constitutes sanctionable litigation conduct designed solely to delay Mr. Kahlon's collection efforts. *See* ECF No. 26 at 13-14.

Mr. Kahlon has since removed the station action (and with it, Ms. Itzhak's motion to vacate) to the United States Eastern District of New York[2] under the "arising under" or "arising in" provisions of the federal bankruptcy jurisdictional statute. Ms. Itzhak is seeking a discretionary remand to state court. At a status conference that took place on October 24, 2024, Judge Pamela Chen[3] expressed her view that, consistent with Mr. Kahlon's position and well-settled federal law, Rule 13(a) does not apply to a cross-claim. Despite repeated on the record

---

[2] Mr. Kahlon intends to transfer the Motion to Vacate as an adversary proceeding to this Court.
[3] The official transcript of the proceeding will be docketed with this Court as soon as it becomes available.

4

questioning from Judge Chen, Mr. Weinstein was unable to offer a semi-cogent basis for the application of Rule 13(a).

In conclusion, Mr. Kahlon reiterates that it is highly disconcerting that the chapter 11 debtor here, has in violation of the Bankruptcy Code instructed Mr. Weinstein to perform legal work without obtaining the permission of this Court and that at least some of the work has no support in law and cannot plausibly meet the best interest of the estate test under Section 327(e). Mr. Kahlon also through this filing puts Tarter Krinsky & Drogin LLP on notice *again* that its client is violating the requirements of the Bankruptcy Code and her duties as a debtor-in-possession. Mr. Kahlon reserves all rights and remedies.

DATED: October 28, 2024        LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/ Minyao Wang
    Minyao Wang

77 Water Street, Suite 2100
New York, New York 10005
212.232.1300

DATED: October 28, 2024        LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282

BY: /s/ David H. Haft
    David H. Haft

*Attorneys for Yossef Kahlon*