# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ERICA ITZHAK,<br><br>                     Debtor. | Case No. 24-10669 (JPM)<br><br>Bankruptcy Case<br>(United States Bankruptcy Court for the<br>Southern District of New York) |
| YOSSEF KAHLON a/k/a JOSSEF KAHLON and ATLAS SOLAR HOLDINGS, LLC,<br><br>                     Plaintiffs,<br><br>-against-<br><br>ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK and ERICA T. YITZHAK ESQ. P.C.,<br><br>                     Defendants. | Case No.:<br><br>Removed from the New York State Supreme Court, Nassau County, Index No. 601659/2016 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Plaintiff Jossef Kahlon ("Mr. Kahlon"), by and through his undersigned counsel, hereby removes the above-captioned matter (the "State Court Action") from New York State Supreme Court, Nassau County (the "State Court"), where it is now pending under Index No. 601659/201, to the United States District Court for the Eastern District of New York (the "District Court"),[1] based upon the bankruptcy of Erica Yitzhak ("Ms. Yitzhak"), the debtor

---

[1] Mr. Kahlon will be moving to transfer the State Court Action to the Unites States District Court for the Southern District of New York imminently. Mr. Kahlon anticipates that the State Court Action will then be referred to the United States Bankruptcy Court for the Southern District of New York as a matter associated with the Chapter 11 Case.

143416915.1

and debtor-in-possession in the chapter 11 case entitled *In re Erica Itzhak*, Case No. 24-10669 (JPM) (the "Chapter 11 Case"), currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Ms. Yitzhak is a defendant in the State Court Action and Mr. Kahlon has obtained in that action a final and non-appealable judgment under New York law in the amount of $1,503,013.70[2] against Ms. Yitzhak (the "Judgment").

In a last-minute gambit to escape personal liability for her misconduct—as adjudged by the New York State judiciary and embodied in the Judgment which is no longer subject to direct appellate review—Ms. Yitzhak has filed (in addition to the Chapter 11 Case) a motion in the State Court to vacate the Judgment against her (the "Motion to Vacate"). The Motion to Vacate is based *solely* on Ms. Yitzhak's erroneous reading and interpretation of Rule 13 of the Federal Rules of Civil Procedure. After some eight (8) years of litigation in the State Court Action, Ms. Yitzhak argues for the *first time* in the Motion to Vacate that Mr. Kahlon was required to have brought the State Court Action against her as a compulsory counter-claim in an earlier federal action. However, Ms. Yitzhak's new position is squarely foreclosed by existing law—and cannot be supported by a good-faith argument for an extension, modification or reversal of existing law—because (i) Mr. Kahlon and Ms. Yitzhak were *co-parties (i.e. co-defendants)* in that earlier federal action, and (ii) as a matter of long-settled federal law *cross-claims* between *co-parties* (as opposed to *counterclaims* between *opposing* parties) are *always permissive*.

It is therefore appropriate, fair and proper for the federal bankruptcy court where the Chapter 11 Case is pending to adjudicate the federal procedural question raised by the Motion to Vacate, the resolution of which is central to the timely disposition of the Chapter 11 Case and the

---

[2] With unpaid interest and fees, the amount due under the Judgment as today is no less than $18,53773.23.

administration of Ms. Yitzhak's estate. In light of the above, Mr. Kahlon respectfully removes the State Court Action to the District Court for transfer to the Southern District and eventual referral to its Bankruptcy Court.

In further support of this *Notice of Removal*, Mr. Kahlon respectfully states as follows:

### Nature of Action

1. Ms. Yitzhak is a graduate of the Benjamin N. Cardozo School of Law. According to public records, she was admitted to the State Bar of New York in October 2002.

2. On March 11, 2016, Mr. Kahlon and a company that he owned, Atlas Solar Holdings, LLC ("Atlas"), commenced the State Court Action in Nassau County against Ms. Yitzhak and two law firms that Ms. Yitzhak owns and operates for legal malpractice, breach of contract, breach of fiduciary duty, breach of quasi contract, and unjust enrichment.

3. The claims asserted in the State Court Action arise from Mr. Kahlon's retention of Ms. Yitzhak as his counsel to seek recovery of certain obligations owed by Troy Lambe ("Mr. Lambe") and SunRay Solar Inc. ("SunRay") to Mr. Kahlon and Atlas. In connection therewith, Ms. Yitzhak commenced in October 2012 an action on behalf of Mr. Kahlon and Atlas in the Supreme Court of the State of New York, County of New York, under Index Number 157465/2012 (the "Initial State Action"). Ms. Yitzhak's representation of her clients—Mr. Kahlon and Atlas—in the Initial State Action was woefully deficient. Her egregious acts of commission and omission as a lawyer in the Initial State Action were severely prejudicial to the interests of Mr. Kahlon and Atlas. On July 13, 2013, Justice Peter Sherwood dismissed the complaint that was prepared and filed by Ms. Yitzhak in the Initial State Action, *without* leave to amend.

4. In May 2013, before the formal dismissal of the Initial State Action, Mr. Lambe and SunRay, as plaintiffs, filed a lawsuit in the United States District Court for the Eastern District

of New York (Case No. 13-Cv-03126) (the "Initial Federal Action"), which named Mr. Kahlon, Atlas, Ms. Yitzhak and Ms. Yitzhak's law firms as defendants. Plaintiffs in the Initial Federal Action asserted tort and contract-based claims in connection with the conduct of Mr. Kahlon, Atlas and Ms. Yitzhak in the Initial State Action. An amended complaint was filed after the dismissal of the Initial State Action.

5. A jury trial was held in January 2016 in the Initial Federal Action. In the course of the trial, Mr. Lambe and SunRay reached a settlement agreement to resolve all their claims against Ms. Yitzhak that arose from her conduct in the Initial State Action. However, plaintiffs did not settle their claims with Mr. Kahlon and Atlas in the Initial Federal Action. Thereafter, the jury deliberated and returned a verdict in favor of Mr. Lambe and Sunray and against Mr. Kahlon and Atlas in the amount of one million dollars ($1,000,000).

6. Notably, before concluding the trial in the Initial Federal Action, Judge Leonard Wexler of this Court issued an exceptionally harsh on-the-record rebuke against Ms. Yitzhak's professional misconduct in the Initial State Action. Judge Wexler opined that Ms. Yitzhak's legal work in the Initial State Action grossly deviated from the normal standards of competency and professionalism to such an extent that he seriously considered reporting Ms. Yitzhak to the New York State bar disciplinary authorities. Judge Wexler specifically said the following on the record:

> "THE COURT: Now, to the lawyer who is no longer in the case, come on up.
>
> YITZHAK: good morning, your Honor.
>
> THE COURT: I must tell you I was thinking of submitting this case with respect to your actions to the grievance committee. I believe you violated everything that a lawyer should have done in a case. Either you accepted what your client said and did what he said which you should've have, or you did it only you own. Either one. You violated all the ethics as a lawyer. I'm putting this on the record. From hereon in, that a federal judge found your conduct disgusting and I'm not sending it to the grievance committee, but if you do this again and they find out, they can reverse. So it's an open court that a federal judge on this date found your actions were horrible. You are excused.

MS. YITZHAK: Thank you your Honor."

7.  In March 2016, Mr. Kahlon and Atlas commenced the State Court Action in Nassau County against Ms. Yitzhak and her two law firms for malpractice in connection with the woefully deficient work that Ms. Yitzhak performed as counsel in the Initial State Action and which was the subject of the scathing on-the-record commentary by Judge Wexler.

8.  On September 1, 2021, the State Court granted Mr. Kahlon and Atlas's motion for summary judgment against Ms. Yitzhak and denied her cross-motion for summary judgment. In its decision, the State Court quoted from Judge Wexler's on-the-record assessment of Ms. Yitzhak's professional misconduct in the Initial State Action. The State Court found that in the Initial State Action, Ms. Yitzhak had "failed to exercise the care, skill and diligence commonly possessed and exercised by a member of the legal profession." It further determined that Ms. Yitzhak's misconduct proximately caused losses to Mr. Kahlon and Atlas.

9.  In an order dated April 26, 2022, the State Court denied Ms. Yitzhak's motion to reargue the summary judgment motions. The Judgment, in the amount of $1,503,013.70, was entered in the State Court Action against Ms. Yitzhak and her co-defendants on April 29, 2022.

10. On September 30, 2021, Ms. Yitzhak noticed an appeal from the grant of summary judgment in the State Court Action to the Appellate Division, Second Department. The appeal was docketed with the Second Department as Case Number 2021-07279. On March 14, 2022, the Second Department granted Ms. Yitzhak additional time to perfect her appeal from the grant of summary judgment in the State Court Action; however Ms. Yitzhak thereafter apparently abandoned her appeal by failing to perfect it. As a result, the Judgment in favor of Mr. Kahlon and against Ms. Yitzhak in the State Court Action is now final and non-appealable as a matter of New York law.

11. Pursuant to the Judgment, Mr. Kahlon sought to seize Ms. Yitzhak's non-exempt

personal assets, including by initiating an auction of her shares in a cooperative apartment in Manhattan.

12. Ms. Yitzhak then retained new counsel in the State Court Action. Even though, as noted, Ms. Yitzhak apparently abandoned her appeal as a matter of right from the unfavorable decision in the State Court Action, her new counsel nevertheless filed the Motion to Vacate, asking the State Court to vacate the summary judgment entered in the State Court Action against her in favor of Mr. Kahlon.

13. This eleventh-hour maneuver is premised *entirely* upon Ms. Yitzhak's seriously flawed reading and interpretation of Rule 13 of the Federal Rules of Civil Procedure. Pursuant to that rule, under certain circumstances a party to a federal litigation must bring its *counterclaims* against an *opposing* party in the same federal action. *See* F.R.C.P. 13(a) (1) (providing that "[a] pleading *must* state as a *counterclaim* any claim that—at the time of its service—the pleader has against an *opposing party*") (emphasis added). Failure to do so could result in forfeiture of those counterclaims. However, the same federal procedural rule also provides in its plain language that the compulsory *counterclaim* doctrine does not apply to a *cross-claim* against a *co-party*. *See* F.R.C.P. 13(g) ("[a] pleading *may* state as a *crossclaim* any claim by one party against a *co-party* if the claim arises out of the transaction or occurrence") (emphasis added).

14. Ms. Yitzhak argues in her Motion to Vacate that Mr. Kahlon and Atlas were required to assert their malpractice and other related claims against her as a compulsory *counter-claim* in the Initial Federal Action. In connection with this entirely unsupportable position, Ms. Yitzhak argues that by having failed to do so, Mr. Kahlon and Atlas were barred under F.R.C.P. 13(a) from commencing the State Court Action after the conclusion of the Initial Federal Action. This last-minute assertion, which Ms. Yitzhak did not make for eight (8) years while the State

Court Action was in progress, has no arguable basis in law whatsoever. Nor can it be supported by a good-faith argument for an extension, modification or reversal of existing law.[3]

15. Mr. Kahlon, Atlas and Ms. Yitzhak were *co-parties* (*i.e. co-defendants*) in the Initial Federal Action. The law is abundantly clear and settled that under F.R.C.P. 13, a party is *never* required to bring a *cross-claim* against a *co-party* in the same federal litigation. *Priority Records, Inc. v. Bridgeport Music, Inc.*, 907 F. Supp. 725, 732 (S.D.N.Y. 1995) (quoting the Wright & Miller treatise for the proposition that a cross-claim "always is permissive."); *Peterson v. Watt*, 666 F.2d 361, 363 (9th Cir. 1982) (explaining that under federal procedural law, "cross-claims are permissive rather than mandatory. Thus, if such a claim is neither asserted nor litigated [in a federal action], the parties cannot be barred from asserting it in a later action by principles of res judicata, waiver, or estoppel."); *Dunn v. Sears, Roebuck & Co.*, 645 F. 2d 511, 512 n.1 (5th Cir. 1981) ("cross claims are permissive rather than compulsory and a party to an action has the option to pursue it in an independent action."); *Segal v. Brook*, Civil Action No. 20-3110, 2020 U.S. Dist. LEXIS 235215, at *10 n.5 (D.N.J. Dec. 15, 2020) ("There are multiple reasons why a party may not decide to assert claims against another party, even after being informed, such as litigation strategy. As a result, in federal practice, *crossclaims* are *always permissive and never mandatory*") (emphasis added); *see also* 3 Moore's Federal Practice - Civil § 13.70 (2024) ("Unlike c*ounterclaims*, however, assertion of *a crossclaim is always permissive*, and if the pleader chooses not to raise it in the original action it will *not be barred* in a subsequent independent action") (emphasis added).

16. Therefore, Ms. Yitzhak's belated Motion to Vacate smacks of a desperate and bad-

---

[3] Mr. Kahlon reserves any and all arguments and objections against the Motion to Vacate in any future motion practice.

faith last-minute gambit, lacking any support in law, to prevent Mr. Kahlon from foreclosing on Ms. Yitzhak's cooperative shares and otherwise prolong the State Court Action which has been fairly litigated to a final conclusion. With her Motion to Vacate pending, Ms. Yitzhak filed an order to show cause asking the State Court to enjoin the pending auction of her cooperative shares. Ms. Yitzhak asserted in her request for a temporary restraining order that her Motion for Vacate was likely to succeed. The State Court was not persuaded and it summarily declined Ms. Yitzhak's request for a temporary restraining order.

17. Having failed to stop the auction based on her serious misreading of Federal Rules of Civil Procedure 13, Ms. Yitzhak on April 19, 2024 filed with the Bankruptcy Court a *pro se* voluntary petition for relief under chapter 13 of the Bankruptcy Code, under case no. 24-10669. Her bankruptcy filing automatically stayed the State Court Action, including the pending Motion to Vacate and the pending auction of her cooperative shares. *See* 11 U.S. C. § 362.

18. Thereafter, upon retaining proposed bankruptcy counsel, Ms. Yitzhak moved to convert her Chapter 13 petition into a petition under Chapter 11, Subchapter V, of the Bankruptcy Code. The Bankruptcy Court granted her request to convert in an order dated June 29, 2024. Ms. Yitzhak is continuing to manage her property and affairs as a debtor-in possession and no trustee, examiner or committee has been appointed as of the date hereof.

19. The Bankruptcy Court, in an order dated July 1, 2024, also granted Ms. Yitzhak's motion to partially lift to automatic stay provided by the Bankruptcy Code to permit her to pursue the pending Motion to Vacate in the State Court. The State Court thereafter set a briefing schedule for the Motion to Vacate. Under that scheduling order, Mr. Kahlon's opposition to the Motion to Vacate is due on or before August 14, 2024.

20. In the Chapter 11 Case, Mr. Kahlon has filed a claim based on the current amount

due under the Judgment.

## Basis for Removal

21. Pursuant to 28 U.S.C. § 1452(a), "any claim or cause of action in a civil action" may be removed "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). The process of removal is governed by Rule 9027 of the Federal Rules of Bankruptcy Procedure.

22. Congress has vested original jurisdiction over bankruptcy cases in the United States District Courts. 28 U.S.C. § 1334(a). Further, federal district courts have "jurisdiction of all civil proceedings under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Congress has therefore "grant[ed] comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotox Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (internal citation omitted); *see also Cent. Va. Cmt . College v. Katz*, 546 U.S. 356, 363-64 (2006) (noting "[c]ritical features of every bankruptcy proceeding are the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors.").

23. Ms. Yitzhak's commencement of a voluntary case under the federal Bankruptcy Code provides the district courts, including this Court and the Bankruptcy Court, with the requisite jurisdiction to adjudicate those claims against Ms. Yitzhak and/or the property of her estate. The State Court Action, and all causes of action and motion practice related thereto, clearly "arises in"—or, at a minimum, is "related to"—Ms. Yitzhak's Chapter 11 Case, pursuant to 28 U.S.C. § 1334(b) and therefore is removable pursuant to 28 U.S.C. § 1452.

24. Here, how Ms. Yitzhak's Motion to Vacate is adjudicated and whether and how

Mr. Kahlon can enforce and collect the Judgment entered against Ms. Yitzhak in the State Court Action in his favor directly impact Ms. Yitzhak's rights and liabilities, and directly bear on the distribution of Ms. Yitzhak's Chapter 11 estate property. Ms. Yitzhak's pleadings filed in the Bankruptcy Court specifically admit that the State Court Action, and more specifically the resolution of her Motion to Vacate, is central to the disposition of her Chapter 11 Case.[4]

25. Mr. Kahlon therefore submits that the State Court Action, including the pending Motion to Vacate, constitutes a core proceeding under 28 U.S.C. § 157(b), including—without limitation—a proceeding relating to the administration of the bankruptcy estate (28 U.S.C. § 157(b)(2)(A)), a proceeding concerning the allowance or disallowance of a claim against the estate (28 U.S.C. § 157(b)(2)(B)), and/or a proceeding affecting the liquidation of the assets of the estates and the adjustment of debtor-creditor relationships (28 U.S.C. § 157(b)(2)(O)).

26. Moreover, the sole purported legal issue presented by Ms. Yitzhak's pending Motion to Vacate in the State Court Action is the application of the *federal* compulsory counterclaim rule embodied in Federal Rules of Civil Procedure 13 to the Initial Federal Action. The federal court system therefore is uniquely familiar with and equipped to adjudicate in a timely manner this federal procedural issue, including through any potential appellate review. A federal court is also better positioned to assess, based on its significant day-to-day experience with federal procedural questions and related motion practice, whether the arguments raised in the Motion to Vacate exceed the bounds of responsible advocacy and constitute sanctionable conduct.[5] A New

---

[4] For example, Ms. Yitzhak stated in her motion to lift the stay, filed with the Bankruptcy Court, that "[i]f this Court permits the Renewal Motion to proceed, and the Debtor is successful, the Judgment will likely be vacated and the Debtor will have no need to continue her bankruptcy case." *See* Bankruptcy Court, Case No. 24-10669 (JPM), Docket No. 19 at 5-6.

[5] Mr. Kahlon notes that the Tarter Krinsky & Dragon LLP ("Tarter") law firm has filed an application to be retained as counsel to Ms. Yitzhak in her Chapter 11 Case. Tarter has not appeared in the State Court Action. Ms. Yitzhak's counsel in the State Court Action has not filed

York state court would be, by definition, less familiar with federal questions of procedural law, especially here, where New York state does not have a compulsory counterclaim rule comparable to F.R.C.P. 13(a).[6] An expeditious resolution of the sole issue raised by the Motion to Vacate, by a judge familiar with applicable law, in the same forum where Ms. Yitzhak's bankruptcy matter is being adjudicated, would avoid unnecessarily prolonging the Chapter 11 Case.

27. As the Bankruptcy Court's order lifting the stay with respect to the Motion to Vacate was entered on July 1, 2024, this *Notice of Removal* is timely filed within 30 days after the entry of that order, as is required by the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 9027(a)(2).

28. Venue is proper in this District under 28 U.S.C. § 1452(a) because this District includes the place where the State Court Action has been pending. As noted above, Mr. Kahlon will move to transfer this case to the United States for the Southern District of New York where it should be referred to the United States Bankruptcy Court for the Southern District of New York, where the Chapter 11 Case is pending.

29. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), this *Notice of Removal* is being filed with the clerk for the federal district and division within which the State Court Action is pending.

30. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), this *Notice of Removal* is signed pursuant to Federal Rule of Bankruptcy Procedure 9011 and contains a short

---

a retention application with the Bankruptcy Court. Through this *Notice of Removal*, Mr. Kahlon puts Tarter on notice that its client is advancing a motion for relief in support of her Chapter 11 Case (for which Tarter seeks to become principal counsel) that lacks any good-faith basis in law.

[6] *See Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 96 N.E.3d 737, 751 (N.Y. 2018) (noting that New York is a "permissive counterclaim jurisdiction" but when there is a prior federal action, New York "give[s] res judicata effect to the prior federal judgment as it stands under that pleading regime, with its attendant consequences for future litigation").

and plain statement of the facts that entitle Mr. Kahlon to remove.

31. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), Mr. Kahlon consents to entry of finals orders or judgment by the Bankruptcy Court.

32. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), a copy of all significant pleadings in the State Court Action are annexed hereto as **Exhibit A**.[7]

33. Pursuant to Federal Rule of Bankruptcy Procedure 9027(b), Mr. Kahlon will promptly serve a copy of this filed *Notice of Removal* on Ms. Yitzhak.

34. Pursuant to Federal Rule of Bankruptcy Procedure 9027(c), Mr. Kahlon will promptly file a copy of this *Notice of Removal* with the Supreme Court of the State of New York, County of Nassau.

## Reservation of Rights

35. Mr. Kahlon expressly reserves the right to submit different or additional allegations and arguments in support of this *Notice of Removal* to the extent necessary, based on new or pre-existing facts, in response to any motion for remand or abstention or as developments may warrant.

## Conclusion

**WHEREFORE**, Plaintiff Jossef Kahlon hereby removes the State Court Action to the District Court and respectfully asks this Court to assume jurisdiction over this controversy and thereafter transfer the same to the United States District Court for the Southern District of New York for eventual referral to the Untied States Bankruptcy Court for the Southern District of New York.

---

[7] The entire docket of the State Court Action is electronically available at https://iapps.courts.state.ny.us/nyscef/DocumentList?docketId=ANSYq0X50jBaWnPIcz165w==&display=all&courtType=Nassau%20County%20Supreme%20Court&resultsPageNum=1. Due to the size of the docket—spanning over eight year—it is not practical to include copies of all pleadings therein.

| | |
|---|---|
| DATED: July 31, 2024 | **LEWIS BRISBOIS BISGAARD & SMITH LLP** |
| | By: _____ |
| | Minyao Wang |
| | 77 Water Street, Suite 2100 |
| | New York, New York 10005 |
| | Telephone: (212) 232-1300 |
| | Facsimile: (212) 232-1399 |
| | Email: Minyao.Wang@lewisbrisbois.com |
| | and |
| | David H. Haft |
| | 110 SE 6th Street, Suite 2600 |
| | Fort Lauderdale, Florida 33301 |
| | Telephone:    954.728.1280 |
| | Email: David.Haft@lewisbrisbois.com |
| | Attorneys for Plaintiff Jossef Kahlon |